IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MBNA America Bank, N.A.<br><br>                Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NUMBER _____ |

## COMPLAINT

MBNA America Bank, N.A. ("Plaintiff"), by and through its attorneys, Kelley Drye & Warren LLP and Oberly, Jennings and Rhodunda, P.A., for its Complaint against defendant United States of America ("Defendant"), alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of: (i) federal communications excise taxes Plaintiff paid to the Defendant United States of America with respect to the taxable quarters ended March 31, 2001 through September 30, 2004; and (ii) statutory interest on such overpayment of tax.

## THE PARTIES

2. Plaintiff is a national banking association formed under the laws of the United States of America with its headquarters and principal place of business located in Wilmington, Delaware. Plaintiff's address is 1100 King Street, Wilmington, Delaware 19884.

3. For purposes of reporting to the United States Internal Revenue Service (the "Service"), Plaintiff's Employer Identification Number is 51-0331454, which is reflected on all returns and claims described below.

4. The defendant is the United States of America.

5. The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7. Venue is proper within this District pursuant to 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is within this judicial district.

## RELIEF SOUGHT

8. Plaintiff seeks to recover the sum of $3,741,832.42, which represents an overpayment by Plaintiff of federal communications excise taxes, together with interest as provided by law.

9. Plaintiff paid the communications excise taxes at issue during the quarter ended March 31, 2001 through the quarter ended September 30, 2004.

10. During the quarters listed above, Plaintiff purchased intrastate, interstate, and international long distance telephone service from AT&T ("Plaintiff's Services").

11. AT&T apparently believed that the long distance telephone service it sold to Plaintiff constituted taxable toll telephone service under sections 4251 and 4252(b) of the Code. Consequently, AT&T collected federal communications excise taxes from Plaintiff in an amount of $3,741,832.42, reported the taxes on IRS Forms 720 and remitted the taxes to the Service.

12. On June 9, 2003, Plaintiff timely filed claims for refund for the quarters ended March 31, 2001 through March 31, 2003 with the Internal Revenue Service Center in Cincinnati, Ohio on an estimated basis, in an amount of $2,250,000.00, plus interest, as provided by law. Plaintiff subsequently reviewed the AT&T invoices pertaining to these claims and

calculated the actual amount of federal communications excise tax paid to be $2,324,532.95. On November 1, 2004, Plaintiff timely filed claims for refund for the quarters ended June 30, 2003 through September 30, 2004 with the Internal Revenue Service Center in Cincinnati, Ohio on an estimated basis, in an amount of $1,590,000, plus interest, as provided by law. Plaintiff subsequently reviewed the AT&T invoices pertaining to these claims and calculated the actual amount of federal communications excise tax paid to be $1,417,299.47. These claims for refund satisfied the requirements of sections 6532 and 7422 of the Code. True and correct copies of these claims for refund are attached hereto as Exhibit A.

13. The Service has not allowed Plaintiff's claims for refund of federal communications excise taxes. More than six months have passed since the filing of the refund claims.

14. Section 4251(a) of the Code imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services." Code § 4251(a)(2).

15. Only those communications services described in section 4252(a), (b) and (c) of the Code are potentially subject to the federal communications excise tax imposed by section 4251 of the Code. Code § 4251(a) and (b).

16. None of Plaintiff's Services meets the definition of "local telephone service" or "teletypewriter exchange service." Code § 4252(a) and (c).

17. A service may only be a "toll telephone service" for purposes of the federal communications excise tax if it is described in either section 4252(b)(1) or section 4252(b)(2) of the Code.

18. Section 4252(b)(1) of the Code provides that the term "toll telephone service" means a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

19. The charges for Plaintiff's Services did not vary in amount with the distance of each individual communication (with the exception of charges for calls to and from Mexico for periods prior to March of 2003). AT&T's charges for Plaintiff's Services were based solely on the duration of each call, *i.e.,* the "elapsed transmission time."

20. Accordingly, none of Plaintiff's Services is described in section 4252(b)(1) of the Code.

21. Section 4252(b)(2) of the Code provides that the term "toll telephone service" includes "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

22. Plaintiff's Services did not entitle Plaintiff to an unlimited number of calls to a specified area for which a charge was made based on a flat fee or elapsed transmission time. Instead, AT&T provided Plaintiff with telephone service to or from any location in the United States for a charge that varied based upon the elapsed transmission time of each individual call.

23. Accordingly, none of Plaintiff's Services is described in section 4252(b)(2) of the Code.

24. By reason of the foregoing, Plaintiff has overpaid its federal communications excise tax for the taxable quarters ended March 31, 2001 through September 30, 2004. Defendant has refused to refund any part of the overpayment.

25. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim or any part thereof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against the United States in the amount of $3,741,832.42, representing overpayment of tax, or such other amount as may be legally refundable, plus interest as provided by law, and for such other and further relief as the Court deems equitable and proper.

Dated: May 2, 2005

OBERLY, JENNINGS & RHODUNDA, P.A.

Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile

Attorneys for Plaintiff

Of Counsel:

Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800 – Telephone