**<u>EXHIBIT A</u>**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Ctr.
Cincinnati, OH 45999-0002

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X
☐ Agent
☐ Addressee

INTERNAL REVENUE SERVICE

JUN 1 2 2003

SERVICE CENTER DIRECTOR
COVINGTON, KY

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

7002 2030 0001 4173 3766

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

# KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**  **NEW YORK, NY 10178**

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE, SUITE 1200
VIENNA, VA 22182
(703) 918-2300 • FAX (703) 918-2450

SUITE 1602, FAIRMONT HOUSE
8 COTTON TREE DRIVE, HONG KONG
(852) 2869-0821
FAX (852) 2869-0049

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

### AFFILIATE OFFICES

DEJ-UDOM & ASSOCIATES
CHARN ISSARA TOWER – 9TH FLOOR
942/142-3 RAMA IV ROAD
BANGKOK 10500 THAILAND
(66)(2) 233-0055
FAX (66)(2) 236-6681

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND, SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHWAN
226 NARIMAN POINT
MUMBAI 400 0021 INDIA
(91)(22) 281-0336
FAX (91)(22) 281-0337

YUMOTO & OTA
KIOI ROYAL HEIGHTS
3-29, KIOI-CHO
CHIYODA-KU
TOKYO 102 JAPAN
(81)(3) 3234-2441
FAX (81)(3) 3262-2729

June 9, 2003

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Cincinnati, OH  45999-0002

     Re:   MBNA America, N.A.
          (EIN: 51-0331454)

Dear Sir or Madam:

     Enclosed please find refund claims with respect to the federal communications excise tax for the periods January 1, 2001 through March 31, 2003.  Also enclosed is a power of attorney.

     Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

     Very truly yours,

     Jacob J. Miles

UNITED STATES TREASURY
RECEIVED BY CAMPUS

JUN 1 2 2003

COVINGTON, KY
MAIL UNIT # 13

JJM:kb
Enclosures

NY01/MILEJ/796281.13

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE          NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE, SUITE 1200
VIENNA, VA 22182
(703) 918-2300 • FAX (703) 918-2450

SUITE 1602, FAIRMONT HOUSE
8 COTTON TREE DRIVE, HONG KONG
(852) 2869-0821
FAX (852) 2869-0049

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

DEJ-UDOM & ASSOCIATES
CHARN ISSARA TOWER – 9TH FLOOR
942/142-3 RAMA IV ROAD
BANGKOK 10500 THAILAND
(66)(2) 233-0055
FAX (66)(2) 236-6681

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND, SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHWAN
226 NARIMAN POINT
MUMBAI 400 0021 INDIA
(91)(22) 281-0336
FAX (91)(22) 281-0337

YUMOTO & OTA
KIOI ROYAL HEIGHTS
3-29, KIOI-CHO
CHIYODA-KU
TOKYO 102 JAPAN
(81)(3) 3234-2441
FAX (81)(3) 3262-2729

June 9, 2003

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Internal Revenue Service Center
Cincinnati, OH  45999-0002

          Re:    MBNA America, N.A.
                 (EIN: 51-0331454)

Dear Sir or Madam:

          Enclosed please find refund claims with respect to the federal communications excise tax for the periods January 1, 2001 through March 31, 2003.  Also enclosed is a power of attorney.

          Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

                                        Very truly yours,

                                        Jacob J. Miles

JJM:kb
Enclosures

NY01/MILEJ/796281.13

Form **2848**
(Rev. December 1997)

Department of the Treasury
Internal Revenue Service

# Power of Attorney
## and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only

Received by:

Name _____

Telephone _____

Function _____

Date ___ / ___ / ___

**Part I**  Power of Attorney (Please type or print.)

**1  Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

Taxpayer name(s) and address

MBNA America, N.A.
1100 King Street
Wilmington, DE 19884-2832

Social security number(s)

Employer identification number

51 0331454

Daytime telephone number

Plan number (if applicable)

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

Name and address

Mr. Jacob J. Miles
Kelley Drye & Warren
101 Park Avenue
New York, NY 10178-0002

CAF No. 2005-78683R
Telephone No. (212) 808-7574
Fax No. (212) 808-7897
Check if new: Address ☐    Telephone No. ☐

Name and address

CAF No. ...............................................
Telephone No. ...............................................
Fax No. ...............................................
Check if new: Address ☐    Telephone No. ☐

Name and address

CAF No. ...............................................
Telephone No. ...............................................
Fax No. ...............................................
Check if new: Address ☐    Telephone No. ☐

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3  Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Excise Tax | Form 720 and Form 8849 | 01/2001-03/2003 |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for Line 4—Specific uses not recorded on CAF.) . . . . . . . . . ▶ ☐

**5  Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5—Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: Pertaining to Excise Taxes collected on taxpayer's telecommunications services.

**Note:** In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.

**Note:** The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.

**6  Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶  Mr. Jacob J. Miles

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.    Cat. No. 11980J    Form **2848** (Rev. 12-97)

Form 2848 (Rev. 12-97)

**7**  **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

**a**  If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box  . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**b**  If you also want the second representative listed to receive a copy of such notices and communications, check this box  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**c**  If you do not want any notices or communications sent to your representative(s), check this box  . . . . . . . ▶ ☐

**8**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here.  . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9**  **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| | | |
|---|---|---|
| _Randall J Bk_ | 5.30.03 | Asst. Treasurer |
| Signature | Date | Title (if applicable) |
| Randall J. Black | | |
| Print Name | | |

| | | |
|---|---|---|
| | | |
| Signature | Date | Title (if applicable) |
| | | |
| Print Name | | |

## Part II    Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

 **a**  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
 **b**  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
 **c**  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
 **d**  Officer—a bona fide officer of the taxpayer's organization.
 **e**  Full-Time Employee—a full-time employee of the taxpayer.
 **f**  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
 **g**  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
 **h**  Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a | NY | _frnl J. ks_ | 6/4/03 |
| | | | |
| | | | |

Form **8821**

(Rev. January 2000)

Department of the Treasury
Internal Revenue Service

# Tax Information Authorization

OMB No. 1545-1165
For IRS Use Only
Received by:
Name _____
Telephone ( ____ ) _____
Function _____
Date ___/___/___

▶ IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

**Taxpayer information.**

Taxpayer name(s) and address (please type or print)

MBNA America, N.A.
1100 King Street
Wilmington, DE 19884-2832

Social security number(s)

Employer identification number

51 : 0331454

Daytime telephone number

( )

Plan number (if applicable)

**2 Appointee.**

Name and address (please type or print)

Ginnie Mauro
TSL a division of PRG-Schultz
600 Galleria Pkwy  MS 5E.16
Atlanta, GA  30339

CAF No. 0100-61933R
Telephone No. (770)779-6361
Fax No. (770)779-3365
Check if new:  Address ☐
              Telephone No. ☐

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| Excise Tax | 720 & 8849 | 01/01/01-03/31/03 | Excise Taxes on Telecommunications Services |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . . . . . . . . . ▶ ☐
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

  **a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☒
  **b** If you do not want any copies of notices or communications sent to your appointee, check this box . . . . . . . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

Signature _~~Randall J. Black~~_  Date 5-20-03

Randall J. Black    Assistant Treasurer
Print Name          Title (if applicable)

Signature _____  Date _____

Print Name          Title (if applicable)

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848,** Power of Attorney and Declaration of Representative.

Use **Form 56,** Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 11596P    Form **8821** (Rev. 1-2000)

Schedule 6
orm 8849)
(Rev. January 2002)

Department of the Treasury—Internal Revenue Service

**Other Claims**

► Attach to Form 8849.  ► See instructions on page 2.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–9) |
|---|---|---|
| MBNA America, N.A. | 51-0331454 | $ 2,250,000.00 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ► <u>01/01/2001</u>    Latest date ► <u>03/31/2003</u>

Claimant's registration number for Section 4091(d) claims. ► _____

| Claim | Amount of refund | | CRN |
|---|---|---|---|
| 1 January 1, 2001 through March 31, 2001 | $ 250,000 | 00 | |
| 2 April 1, 2001 through June 30, 2001 | 250,000 | 00 | |
| 3 July 1, 2001 through September 30, 2001 | 250,000 | 00 | |
| 4 October 1, 2001 through December 31, 2001 | 250,000 | 00 | |
| 5 January 1, 2002 through March 31, 2002 | 250,000 | 00 | |
| 6 April 1, 2002 through June 30, 2002 | 250,000 | 00 | |
| 7 July 1, 2002 through September 30, 2002 | 250,000 | 00 | |
| 8 October 1, 2002 through December 31, 2002 | 250,000 | 00 | |
| 9 January 1, 2003 through March 31, 2003 | 250,000 | 00 | |

Use the space below for an explanation of each claim listed.

SEE ATTACHED

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions.    Cat. No. 27454M    Schedule 6 (Form 8849) (Rev. 1-2002)

Form **8849**
(Rev. January 2002)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Please print in ALL CAPITAL LETTERS. Leave a blank box between words.

Name of claimant

`M B N A   A M E R I C A   N . A .`

Employer identification number (EIN)

`5 1 0 3 3 1 4 5 4`

Address (number, street, room or suite no.)

`1 1 0 0   K I N G   S T R E E T`

Social security number (SSN)

City and state or province. If you have a foreign address, see page 2.

`W I L M I N G T O N   D E`

ZIP code

`1 9 8 8 4 2 8 3 2`

Month claimant's income tax year ends

Foreign country, if applicable. Do not abbreviate.

Daytime telephone number (optional)

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters that were or will be made on Form 720X, Amended Quarterly Federal Excise Tax Return, or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, or Form 4136, Credit for Federal Tax Paid on Fuels.*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be combined with any other refunds on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels . . . . . . . . . . . . . . | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene . . . . . . | ☐ |
| Schedule 3 | Gasohol Blending . . . . . . . . . . . . . . | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors . . . . . . . . . | ☐ |
| Schedule 5 | Section 4081(e) Claims . . . . . . . . . . . | ☐ |
| Schedule 6 | Other Claims . . . . . . . . . . . . . | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

*Randall J. Black* ——————— Assistant Treasurer

Signature and title (if applicable)

Randall J. Black

Type or print your name below signature.

Date 5-30-03

For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Cat. No. 20027J

Form **8849** (Rev. 1-2002)

Form 8849 Attachment

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: January 1, 2001 through March 31, 2001
Income Tax Year: December 31, 2001
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

## Form 8849 Attachment

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2001 through June 30, 2001
Income Tax Year: December 31, 2001
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed:  720 (No. 22)
Excise Tax:  Communications Excise Tax
Period of Claim:  July 1, 2001 through September 30, 2001
Income Tax Year:  December 31, 2001
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code").  Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services.  Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d).  VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication.  Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax.  This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim.  They are available for review through Claimant's long distance provider, however, upon request.  Please note that the exact amount of taxes has not yet been determined.  Therefore, the amount of the claim is only an approximation.  Claimant reserves the right to amend the amount of the claim.

NY01/MILEJ/840930.1

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: October 1, 2001 through December 31, 2001
Income Tax Year: December 31, 2001
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: January 1, 2002 through March 31, 2002
Income Tax Year: December 31, 2002
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2002 through June 30, 2002
Income Tax Year: December 31, 2002
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: July 1, 2002 through September 30, 2002
Income Tax Year: December 31, 2002
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: October 1, 2002 through December 31, 2002
Income Tax Year: December 31, 2002
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

<u>Form 8849 Attachment</u>

Name of Claimant: MBNA America, N.A.
Employer Identification Number: 51-0331454
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: January 1, 2003 through March 31, 2003
Income Tax Year: December 31, 2003
Amount to be Refunded: $250,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication. Claimant's long distance rates were generally postalized effective January 1998.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.



VIA CERTIFIED MAIL
<u>RETURN RECEIPT REQUESTED</u>

November 1, 2004

Internal Revenue Service
Cincinnati, OH 45999-0002

Re:    MBNA America, N.A.
       EIN: 51-0331454
       April 2003 through September 2004

Dear Sir or Madam :

Enclosed please find refund claims with respect to the federal communications excise tax for the periods April 2003 through September 2004.  Also enclosed is a Tax Information Authorization.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Sincerely,

Ginnie Mauro
Manager, Tax
770-512-8280 x1
Ginnie.Mauro@MSSGroup.com

12 Perimeter Center East, Suite 1210
Atlanta, GA 30346-1646
Phone: 770.512.8280
Fax: 770.512.8100
www.mssgroup.com

UNITING TSL, DIGITAL RELIANCE & MSS*GROUP

Form **8821**
(Rev. January 2000)

Department of the Treasury
Internal Revenue Service

## Tax Information Authorization

OMB No. 1545-1165

**For IRS Use Only**

Received by:

Name _____

Telephone (____)_____

Function _____

Date ___/___/___

▶ **IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.**

### 1 Taxpayer information.

Taxpayer name(s) and address (please type or print)

**MBNA America, N.A.**
**1100 King Street**
**Wilmington, DE 19884-2832**

| Social security number(s) | Employer identification number |
|---|---|
| | **51 : 0331454** |
| Daytime telephone number | Plan number (if applicable) |
| (    ) | |

### 2 Appointee.

Name and address (please type or print)

**Ginnie Mauro**
**MSS*Group**
**12 Perimeter Center East  Suite 1210**
**Atlanta, GA 30346**

CAF No. **0100-61933R**

Telephone No. ( **770** ) **512-8280**

Fax No. ( **770** ) **512-8100**

Check if new:  Address ☐

Telephone No. ☐

### 3 Tax matters.
The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a)<br>Type of Tax<br>(Income, Employment, Excise, etc.) | (b)<br>Tax Form Number<br>(1040, 941, 720, etc.) | (c)<br>Year(s) or Period(s) | (d)<br>Specific Tax Matters (see instr.) |
|---|---|---|---|
| **Excise Tax** | **720 & 8849** | **04/01/03 - 09/30/04** | **Excise Taxes on Telecommunications Services** |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . . . . . . . . . . . . . . . ▶ ☐
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

  **a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☑

  **b** If you do not want any copies of notices or communications sent to your appointee, check this box . . . . . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

| Signature | Date 10/25/04 | Signature | Date |
|---|---|---|---|
| Print Name  DOMINIC GIAMMANCELI | Title (if applicable)  E.V.P. | Print Name | Title (if applicable) |

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

  Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848,** Power of Attorney and Declaration of Representative.

Use **Form 56,** Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**       Cat. No. 11596P       Form **8821** (Rev. 1-2000)

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant

| M | B | N | A | | A | m | e | r | i | c | a | | N | A | | | | | | | | | | |

Employer identification number (EIN)

| 5 | 1 | 0 | 3 | 3 | 1 | 4 | 5 | 4 |

Address (number, street, room or suite no.)

| 1 | 1 | 0 | 0 | | K | i | n | g | | S | t | r | e | e | t | | | | | | | | | |

Social security number (SSN)

City and state or province. If you have a foreign address, see page 2.

| W | i | l | m | i | n | g | t | o | n | | D | E | | | | | | | | | | | | |

ZIP code

| 1 | 9 | 8 | 8 | 4 | 2 | 8 | 3 | 2 |

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends

Daytime telephone number (optional)

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene . . . . . . | ☐ |
| Schedule 3 | Gasohol Blending . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors . . . . . . . . . . . . . . | ☐ |
| Schedule 5 | Section 4081(e) Claims . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 6 | Other Claims . . . . . . . . . . . . . . . . . . . . . . . | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable)                Date  10/25/04

Type or print your name below signature.    DOMINIC GIANNANGELI

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2003)

| Schedule 6 | Department of the Treasury—Internal Revenue Service | | |
|---|---|---|---|
| **(Form 8849)** | **Other Claims** | | OMB No. 1545-1420 |
| (Rev. January 2003) | ► Attach to Form 8849. | | |

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| MBNA America, N.A. | 51-0331454 | $ 1,325,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► _____04012003_____      Latest date ► _____06302004_____

Claimant's **registration number** for Section 4091(d) claims. ► _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | April 1, 2003 through June 30, 2003 | $          265,000 | 00 | |
| 2 | July 1, 2003 through September 30, 2003 | 265,000 | 00 | |
| 3 | October 1, 2003 through December 31, 2003 | 265,000 | 00 | |
| 4 | January 1, 2004 through March 31, 2004 | 265,000 | 00 | |
| 5 | April 1, 2004 through June 30, 2004 | 265,000 | 00 | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHED**

# Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:
- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions.    Cat. No. 27454M    Schedule 6 (Form 8849) (Rev. 1-2003)

# <u>Form 8849 Attachment</u>

Name of Claimant:   MBNA American, N.A.
Employer Identification Number:   51-0331454
Type of Return Filed:      720 (No. 22)
Excise Tax:        Communications Excise Tax
Period of Claim:     April 1, 2003 through June 30, 2004
Amount to be Refunded:  $ 1,325,000.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of the taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

8849attachment

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant

| M | B | N | A | | A | m | e | r | i | c | a | | N | A | | | | | | | |

Employer identification number (EIN)

| 5 | 1 | 0 | 3 | 3 | 1 | 4 | 5 | 4 |

Address (number, street, room or suite no.)

| 1 | 1 | 0 | 0 | | K | i | n | g | | S | t | r | e | e | t | | | | | | |

Social security number (SSN)

City and state or province. If you have a foreign address, see page 2.

| W | i | l | m | i | n | g | t | o | n | | D | E | | | | | | | | | |

ZIP code

| 1 | 9 | 8 | 8 | 4 | 2 | 8 | 3 | 2 |

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends

Daytime telephone number (optional)

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers.*

### Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene. . . . . . | ☐ |
| Schedule 3 | Gasohol Blending . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors . . . . . . . . . . . . . . | ☐ |
| Schedule 5 | Section 4081(e) Claims . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 6 | Other Claims . . . . . . . . . . . . . . . . . . . . . . | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable)

Date 10/25/04

Type or print your name below signature.   DOMINIC GIANNANCELI

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2003)

| Schedule 6 | Department of the Treasury—Internal Revenue Service | | |
|---|---|---|---|
| (Form 8849) | **Other Claims** | | OMB No. 1545-1420 |
| (Rev. January 2003) | ▶ Attach to Form 8849. | | |

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| MBNA America, N.A. | 51-0331454 | $                265,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ _____07012004_____      Latest date ▶ _____09302004_____

**Claimant's registration number** for Section 4091(d) claims. ▶ _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  July 1, 2004 through September 30, 2004 | $                265,000 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHED**

# Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

**For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions.**      Cat. No. 27454M      **Schedule 6 (Form 8849)** (Rev. 1-2003)

## Form 8849 Attachment

Name of Claimant:   MBNA American, N.A.
Employer Identification Number:   51-0331454
Type of Return Filed:       720 (No. 22)
Excise Tax:        Communications Excise Tax
Period of Claim:    July 1, 2004 through September 30, 2004
Amount to be Refunded:   $ 265,000.00 plus interest (See last paragraph of this Attachment.)


This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax.  This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim.  They are available for review through Claimant's long distance provider, however, upon request.  Please note that the exact amount of the taxes has not yet been determined.  Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

8849attachment