### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MBNA America Bank, N.A.**<br><br>             Plaintiff,<br>     v.<br><br>**UNITED STATES OF AMERICA**,<br><br>             Defendant. | **CASE NUMBER: 05-257-KAJ** |

### JOINT PROPOSED SCHEDULING ORDER

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to D. Del. LR 16.2(a) on September 7, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, the parties jointly submit this Proposed Scheduling Order:

**IT IS ORDERED** that:

**1.     Rule 26(a)(1) Initial Disclosures**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) no later than September 26, 2005.

**2.     Discovery**

    a.    Discovery Cut Off: All discovery in this case shall be commenced to be completed no later than December 28, 2005.

    b.    Disclosure of Expert Testimony

The parties shall exchange initial disclosures of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than thirty days before the date of the completion of discovery. The parties

shall file a supplemental disclosure statement to contradict or rebut evidence on the same subject matter identified by another party no later than twenty days before the date of the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    3.    **Protective Orders**

The parties shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than October 7, 2005. The proposed protective order shall specify the terms and conditions for the disclosure of confidential information. Any proposed order shall include the following paragraph:

> Other Proceedings: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the party seeking relief shall contact chambers to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

### 4. Papers Filed Under Seal

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

### 5. Settlement Conference

Pursuant to 28 U.S.C. § 636, this matter shall be referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

### 6. Interim Status Report

On December 7, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

### 7. Status Conference

On _____ __, 2005, the Court will hold a Rule 16(a)(b)(c) conference by telephone with counsel beginning at _____.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

### 8. Dispositive Motions

The parties anticipate that this case will be resolved by motions for summary judgment. Simultaneous joint motions for summary judgment, including opening briefs in support of motion and affidavits, if any, shall be served and filed on or before February 10, 2006. Any responses to motions for summary judgment shall be filed no later than February 28, 2006, with no additional papers to be filed except upon further application to the Court. Briefing will be

presented pursuant to the Court's Local Rules.

**9.     Other Motions**

The parties have discussed the possible factual and legal similarities between this case and another telephone excise tax case presently before the United States Court of Appeals for the Third Circuit, Reese Brothers v. United States, No. 05-2135 (3d Cir.).  The United States contemplates requesting a stay of these proceedings to give the appellate court the opportunity to pass upon this important issue of federal law which is novel to that Court.  This request, and any other application, shall be by written motion filed with the Clerk.  Any such non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

**10.    Trial Schedule**

Plaintiff seeks recovery of federal telecommunication excise taxes, together with interest, paid from the quarter ending March 31, 2001, through the quarter ending September 30, 2004. The parties' dispute centers on whether the excise tax imposed by Section 4251 of the Internal Revenue Code (the "Code") applies to the communications services that Plaintiff used.  Plaintiff contends that it was not required to pay the excise tax because its communications services do not fall within the types of services that are set forth in Section 4252 of the Code.  Defendant the United States of America ("Defendant") contends that Plaintiff's communications services do fall within the scope of Sections 4251 and 4252 of the Code and that Plaintiff is not entitled to the refund.  Because this case presents primarily a question of law, the parties expect that it will be resolved on parties' motions for summary judgment.  A trial on liability is not anticipated.

-5-

Dated: September 6, 2005

OBERLY, JENNINGS & RHODUNDA, P.A.

  /s/ Karen V. Sullivan
Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054

KELLEY DRYE & WARREN LLP
Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
*Appearing Pro Hac Vice*

**Attorneys for Plaintiff**
**MBNA AMERICA BANK, N.A.**

COLM F. CONNOLLY
United States Attorney

  /s/ Ivan C. Dale
IVAN C. DALE
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, DC 20044

**Attorneys for Defendant**
**UNITED STATES OF AMERICA**

DATE: _____
                                                                     UNITED STATES DISTRICT JUDGE