IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |  | |
|---|---|---|---|
| MBNA America Bank, N.A., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil No. 05-cv-257 | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
<u>MOTION TO STAY PROCEEDINGS</u>**

**QUESTION PRESENTED**

This Court has broad discretion to stay proceedings in the interest of economy of time and effort for itself, for counsel, and for litigants. Presently at issue in this case is a dispute regarding the interpretation of the federal communications excise tax statute, 26 U.S.C. § 4251 <u>et seq</u>., as it applies to long distance telephone calls where the charges for such calls vary by elapsed transmission time, but not by the distance traveled by each individual communication. The identical issue is presently, and for the first time, before the United States Court of Appeals for the Third Circuit, at <u>Reese Bros., Inc. v. United States</u>, Docket no. 05-2135 (3d Cir.), and has been fully briefed before that Court. Staying this action pending the outcome of the appeal in <u>Reese Bros</u>. would conserve the resources of the Court, the parties, and the litigants in preparing for expert discovery, dispositive motions, pretrial and trial, and would mitigate the risk of inconsistent decisions in this Circuit regarding an important issue of tax law. Because

the tax laws provide for statutory interest on overpayments such as the type alleged by the plaintiffs in this case, the plaintiff's interests would not be harmed by the stay. Should the United States' motion to stay proceedings be granted?

## BACKGROUND

On November 30, 2004, the United States District Court for the Western District of Pennsylvania granted summary judgment to the taxpayer in a tax refund suit entitled Reese Bros., Inc. v. United States, Civ. No. 03-745 (W.D. Pa.). At issue in Reese Bros. was whether the federal communications excise tax imposed by 26 U.S.C. § 4251 applied to long distance telephone calls where the charges for such calls varied by elapsed transmission time, but not by the distance traveled by each individual communication. In Reese Bros, the Court concluded that the excise tax did not apply, and the Court's final judgment in that case was appealed to the United States Court of Appeals for the Third Circuit at docket no. 05-2135 (3d Cir.).

The issue in Reese Bros. is one which has never been decided by the United States Court of Appeals for the Third Circuit. The resolution of the issue, generally, affects the administration of the excise tax on communications services, which is a source of billions of dollars in revenue for the federal government annually. See Internal Revenue Service, Statistics of Income Bulletin (Fall 2004), Vol. 24, No. 2, Table 21 at 345. All parties have entered an appearance in the Reese Bros. appeal and have completed the briefing schedule set by that court.

The complaint in the case at bar alleges substantially identical facts to those in Reese Bros.; namely, that plaintiffs are entitled a refund of the federal communications excise tax because the long distance telephone services they acquired varied by elapsed transmission time, but not by the distance traveled by each individual communication. (Compl. ¶¶ 19-22.)   Presuming the plaintiffs are able to prove these factual allegations of the complaint, then the disposition of Reese Bros. before the United States Court of Appeals for the Third Circuit will control the disposition of the case at bar.

## ARGUMENT

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Landis v. North American Co., 299 U.S. 248, 255-56 (1936).   Courts in this judicial circuit have identified the following factors to consider in determining whether to stay proceedings pending a decision in the appellate courts:

>(1) the possible damage which may result from the granting of a stay;
>
>(2) the hardship or inequity which a party may suffer in being required to go forward; and
>
>(3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Bailey v. United States, 415 F. Supp. 1305, 1315 n. 33 (D. N.J. 1976); see also SmithKline Beecham Corp. v. Apotex Corp., 2004 U.S. Dist. LEXIS 13907, at *23-24 (E.D. Pa. 2004), citing Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983).

As to the first factor, it is clear in this case that no damage will result to the plaintiff as a result of the Court's grant of the stay.  Plaintiff claims an overpayment of federal taxes in this case.  Statutory interest would automatically accrue on such overpayment, if proven, during the pendency of any stay.  See 26 U.S.C. 6611.

As to the second factor, the denial of the United States' request for a stay would result in the parties incurring substantial time and expense for the hiring of experts, the exchange of expert reports and discovery, and the filing of dispositive motions and briefs on an issue which may otherwise be resolved by a perfunctory cite to the opinion of the United States Court of Appeals for the Third Circuit in Reese Bros.  See Jun. 29, 2005 Hearing Memo (Docket No. 17) at ¶¶ 1-3.  It is very likely that such expense and effort, then, would be unnecessary and superfluous.

As to the third factor, a stay pending the outcome in Reese Bros would greatly simplify the issues, matters of proof, and questions of law in this case.  Indeed, the Third Circuit's disposition of Reese Bros will likely reduce the only possible dispute in this case to one regarding only the nature of the communications services acquired, and the amounts paid, a dispute which may be resolved without any Court intervention at all.  As a result, this Court's resources would be greatly conserved.   Moreover, the

proposed stay mitigates the risk of inconsistent decisions in this Circuit regarding an issue which greatly affects the public treasury and the administration of taxes. Finally, because the briefing schedule in <u>Reese Bros</u>. has been completed, any delay resulting from the stay will be substantially reduced.[1]

As a result, it is clear that the equitable factors used by courts in the Third Circuit in determining whether to exercise their discretion to grant a stay pending a decision in another case weigh heavily in favor of granting the stay proposed in this case.

//

//

//

//

//

---

[1] In this regard, the proposed order granting this motion would provide that the United States must submit a report on the status of <u>Reese Bros.</u> in order to minimize the risk of unnecessary delay.

## CONCLUSION

For the foregoing reasons, the United States submits that its motion to stay proceedings should be granted.

Dated:    September 8, 2005.

                            COLM F. CONNOLLY
                            United States Attorney

By:    /s/
        IVAN C. DALE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Ben Franklin Station
        Washington, DC 20044
        Telephone (202) 307-6615