## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MBNA America Bank, N.A.** <br><br> Plaintiff, <br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant. | **C.A. NUMBER: 05-257-KAJ** |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO STAY PROCEEDINGS

        Kathleen M. Jennings, Esq. (I.D. No. 913)
        Karen V. Sullivan, Esq. (I.D. No. 3872)
        Oberly, Jennings & Rhodunda, P.A.
        800 Delaware Avenue, Suite 901
        P.O. Box 2054
        Wilmington, Delaware 19899-2054
        (302) 576-2000 – Telephone
        (302) 576-2004 – Facsimile

        Jacob J. Miles, Esq.
        Joseph A. Boyle, Esq.
        Paul L. Kattas, Esq.
        KELLEY DRYE & WARREN LLP
        101 Park Avenue
        New York, New York 10178
        (212) 808-7800 – Telephone

        Attorneys for Plaintiff

Dated: September 23, 2005

**TABLE OF CONTENTS**

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ..................................................1

SUMMARY OF ARGUMENT ........................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT

    I.     DEFENDANT HAS NOT MET ITS BURDEN THAT A STAY IS APPROPRIATE.............................................................................................................3

          A.     Plaintiff Would Be Harmed by An Indefinite Stay......................................3

          B.     The Balance of Harm and the Public Interest Favor Denying a Stay of this Action.............................................................................................4

          C.     A Stay Will Not Promote Judicial Economy Or Simplify The Issues ..................................................................................................5

          D.     The Length of the Stay Sought is Unreasonable..........................................6

    II.    THE PARTIES SHOULD ENTER INTO A STIPULATED JUDGMENT...........6

CONCLUSION................................................................................................................7

## **TABLE OF AUTHORITIES**

Cases

*Am. Bankers Ins. Group v. United States*, 2005 U.S. App. LEXIS 8132 (11th Cir. 2005) .............1

*Am. Online, Inc. v. United States*, 64 Fed. Cl. 571 (Ct. Cl. 2005) ..................................................1

*Bailey v. U.S.*, 415 F. Supp. 1305 (D.N.J. 1976) ............................................................................3

*Cheney State College Faculty v. Hufstedler*, 703 F.3d 732 (3d Cir. 1983) .....................................3

*Fortis, Inc. v. United States of America*, 2004 U.S. Dist. LEXIS 18686 (S.D.N.Y. 2004) .............1

*Hewlett-Packard Company v. United States*, No. C-04-03832 Slip Op.
    (N.D. Cal. August 5, 2005) ........................................................................................................1

*Honeywell Int'l, Inc. v. United States*, 64 Fed. Cl. 188 (Ct. Cl. 2005) ............................................1

*Landis v. North American Co.*, 299 U.S. 248 (1936).......................................................................3

*National Railroad Passenger Corporation v. United States of America*,
    338 F. Supp. 2d 22 (D.D.C. 2004) ............................................................................................1

*Office Max, Inc. v. United States of America*, 309 F. Supp. 2d 984 (N.D. Ohio 2004) ...................1

*Reese Bros., Inc. v. United States*, 2004 U.S. Dist. LEXIS 27507 (W.D. Pa. 2004) ...1, 2, 3, 4, 5, 6

Statutes

26 U.S.C. § 1 *et. seq.*......................................................................................................................2

**STATEMENT OF NATURE AND STAGE OF PROCEEDING**

This case presents the straightforward legal issue of whether Plaintiff's telecommunications services are subject to federal communications excise taxes. Defendant the United States of America ("Defendant" or the "Government") has made a motion to stay this matter pending a decision by the United States Court of Appeals for the Third Circuit in *Reese Bros. v. United States*, appellate docket number 05-2135.[1] In a case with virtually identical facts to this one, the district court in *Reese Bros.* held that the plaintiff/ratepayer's telecommunications services were not subject to federal communications excise taxes. *See Reese Bros., Inc. v. United States*, 2004 U.S. Dist. LEXIS 27507 (W.D. Pa. 2004).

**SUMMARY OF ARGUMENT**

1. Defendant has failed to meet its burden that a stay is appropriate.

2. Plaintiff would be unfairly prejudiced by a stay of indeterminate length.

3. Plaintiff is entitled to move this case forward and obtain a judgment against Defendant during the pendency of the *Reese Bros.* appeal.

4. The issue presented is a legal one, and liability can be determined on motions for summary judgment after the exchange of a very limited amount of

---

[1] Numerous courts have decided this identical issue in favor of the taxpayer. *See Office Max, Inc. v. United States of America*, 309 F. Supp. 2d 984 (N.D. Ohio 2004); *Fortis, Inc. v. United States of America*, 2004 U.S. Dist. Lexis 18686 (S.D.N.Y. 2004); *National Railroad Passenger Corporation v. United States of America*, 338 F. Supp. 2d 22 (D.D.C. 2004); *Reese Brothers, Inc. v. United States of America*, 2004 U.S. Dist. LEXIS 27507 (W.D. Pa. 2004); *Honeywell Int'l, Inc. v. United States*, 64 Fed. Cl. 188 (Ct. Cl. 2005); *Am. Online, Inc v. United States*, 64 Fed. Cl. 571 (Ct. Cl. 2005); *Hewlett-Packard Company v. United States*, No. C-04-03832 Slip Op. (N.D. Cal. August 5, 2005). In fact, the only court that ruled in favor of the Government on this issue was reversed by the Eleventh Circuit Court of Appeals in *Am. Bankers Ins. Group v. United States*, 2005 U.S. App. Lexis 8132 (11th Cir. 2005).

discovery.

       5.     Plaintiff's claim for a refund is manifestly meritorious, and federal courts throughout the country have decided this exact issue in favor of the ratepayer.

       6.     In the alternative, rather than granting a stay, judicial economy would be better served, upon stipulation of the parties, by having judgment entered against the Defendant for the reasons set forth by the district court in *Reese Bros.* Then, the Government's appeal could be consolidated in the Third Circuit with the *Reese Bros.* appeal.

## STATEMENT OF FACTS

Plaintiff purchased telecommunications services pursuant to contracts with AT&T during the taxable periods from January 1, 2001, through September 30, 2004. The terms of the contracts dictated that the charges for the telecommunications were based exclusively on the duration of each call. The charges for Plaintiff's services were not based upon the distance of the calls made. The Government's obligation to issue a refund (*i.e.,* the validity of Plaintiff's claim) turns solely on whether the IRS has correctly interpreted a specific statutory provision. Thus, the disputed issue is purely a legal one, pertaining to the statutory interpretation of provisions of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 1. *et. seq.* (the "Code").

Plaintiff paid federal telecommunications excise taxes in the amount of $3,741,832.42 during the relevant time period. Plaintiff filed timely claims for refunds with the IRS on June 9, 2003 and on November 1, 2004. These claims for refunds were denied. On May 2, 2005, Plaintiff filed its complaint. Defendant answered the complaint on August 4, 2005. This Court conducted a telephonic scheduling conference on

September 7, 2005. On September 8, 2005, Defendant moved to stay this case pending a decision by the United States Court of Appeals for the Third Circuit in *Reese Bros. v. United States*.

## ARGUMENT

**I.   DEFENDANT HAS NOT MET ITS BURDEN THAT A STAY IS APPROPRIATE**

A stay should be awarded sparingly, and only when the party seeking it has met its burden of proving that a stay is appropriate. *See Landis v. North American Co.*, 299 U.S. 248, 256 (1936) (party seeking the stay has the burden, and any stay must be "kept within the bounds of moderation"). In determining whether a stay should be granted, courts consider: (1) the potential harm that may result if action is stayed; (2) the balance of harm to the parties; (3) whether a stay will simplify issues and promote judicial economy; and (4) the length of the stay. *See Landis*, 299 U.S. at 256; *Cheney State College Faculty v. Hufstedler*, 703 F.3d 732, 738 (3d Cir. 1983); *Bailey v. U.S.*, 415 F. Supp. 1305 (D.N.J. 1976). Defendant has failed to demonstrate that these factors have been met.

**A.   Plaintiff Would Be Harmed By An Indefinite Stay**

Plaintiff is entitled to have this matter move forward in an expeditious manner. Staying this matter pending a decision by the Third Circuit in *Reese Bros.* would unfairly delay Plaintiff's entitlement to obtaining a judgment and would unduly harm Plaintiff. First, there is no way to determine: (i) when *Reese Bros.* will be decided; (ii) whether the court will rule on the underlying merits of this dispute; or (iii) whether the court will remand the case on a technical or non-dispositive basis. For instance, if the court remands the case in six months without reaching the underlying merits, it may be

3

two years or more before there is a decision in the Third Circuit. During that time, nothing will have happened in this case. Furthermore, even if the decision is affirmed, the Government may seek *certiorari* to the United States Supreme Court. Given this uncertainty, and the fact that Plaintiff has no control over it, Plaintiff should not be prevented from obtaining a judgment during the pendency of the *Reese Bros.* case.

Second, Plaintiff's position that its long distance telecommunications services are not subject to federal excise tax is consistent with numerous decisions of federal courts throughout the country. Given the undeniably strong position advanced by Plaintiff, it would be unfair to stay this matter and prevent Plaintiff from obtaining a judgment expeditiously.

Third, denying a stay and moving this case forward expeditiously will promote fairness and efficiency. Through limited discovery, Plaintiff will be able to prove the factual allegations in the complaint - that its charges for telecommunications services did not vary based on the distance of the calls and that it paid the excise taxes. Assuming that Plaintiff is successful on summary judgment as to liability, Plaintiff and the Government will stipulate to the damages amount, and Plaintiff will obtain a judgment. As a result, if the decision in *Reese Bros.* is affirmed, Plaintiff will not be unduly delayed in seeking payment from the Government, since it will already have its judgment.

 B. **The Balance of Harm and the Public Interest Favor Denying a Stay of this Action**

The denial of a stay will not cause any harm to the Government. The Government's claim that substantial time and expense would be incurred if the action were not stayed is spurious. The Government has litigated many of these cases

4

throughout the country and, in each case, has relied on essentially the same brief and expert report in moving for summary judgment. The issue in this case is purely a legal one and is straightforward. The very limited amount of discovery that will be exchanged (Plaintiff's telecommunications contracts and, perhaps, proof of payment of the excise taxes) will all come from Plaintiff. Thus, there is no harm to the Government in proceeding, nor would the Government be required to expend significant resources. On the contrary, it is the Plaintiff who would be harmed by an indefinite stay that could remain in effect for years.

In addition, the public interest in the timely resolution of judicial actions weighs in favor of ruling against the stay. Instead, Plaintiff should be permitted to seek its judgment during the pendency of the appeal so that if the *Reese Bros.* decision is affirmed, Plaintiff will be prepared to get its refund in a timely manner. Both the balance of harms and the public interest weigh against the entry of a stay pending appeal of the *Reese Bros.* case.

      C.    **A Stay Will Not Promote Judicial Economy Or Simplify The Issues**

Staying this matter will not simplify matters or conserve judicial resources. This Court has an interest in controlling its docket and encouraging the resolution of this litigation. By granting a stay, this case could remain on this Court's docket for months, maybe even years. This Court cannot control when the Third Circuit decides *Reese Bros.*, whether the court reaches the underlying merits or whether the court remands the case for technical reasons. In contrast, this Court can (and should) decide this straightforward issue on a motion for summary judgment.

Also specious is the Government's contention that the appeal in *Reese Bros.* would simplify the issues, matters of proof and questions of law in this case.

5

Defendant is clearly aware that there is one, and only one, open and contested issue in these cases: the interpretation of a statutory provision to determine whether Plaintiff's telecommunications services are subject to federal excise tax. There is nothing to be simplified. This Court can and should reach a determination in this case in an expeditious manner.

### D.   The Length Of The Stay Sought Is Unreasonable

Finally, the stay request should be denied because the length of the stay is unreasonable. Simply put, there is no way to determine: (i) when *Reese Bros.* will be decided; (ii) whether the court will rule on the underlying merits of this dispute; (iii) whether the court will remand the case on a technicality; or (iv) whether the Government will seek *certiorari* to the Supreme Court. The Government's offer to submit a status report to "minimize the risk of undue delay" is of little comfort. There is simply no way to prevent the potential for undue delay once this matter is stayed. The Government's request for a stay pending the determination of the *Reese Bros.* appeal is unreasonable and should be rejected.

## II.   THE PARTIES SHOULD ENTER INTO A STIPULATED JUDGMENT

In the alternative, in order to address the purported concerns that Defendant raises, the parties should agree to enter into a stipulated judgment in Plaintiff's favor for the reasons set forth by the district court in *Reese Bros.* Since the Government concedes that the appeal in *Reese Bros.* is dispositive of this case (subject to Plaintiff proving the factual allegations in the Complaint) there would be no harm to the Government in agreeing to such a stipulation. The parties would have little trouble agreeing to the amount of damages, since this amount is equal to the excise taxes paid by Plaintiff during the relevant period, plus statutory interest. This arrangement would

further Defendant's purported goal of minimizing the amount of time and money it expends on this case. In addition, entering into a judgment would provide finality to this matter and would free the Court's docket, thereby truly serving the interests of judicial economy and efficiency. Finalizing the case would also serve the public interest in having cases resolved expediently and efficiently. Furthermore, by agreeing to a stipulated judgment, Plaintiff's goal of obtaining the tax refund to which it is entitled would not be unduly delayed. Finally, should Defendant wish to appeal the judgment, which it undoubtedly would, the parties would be afforded the opportunity to join the *Reese Bros.* appeal in the Third Circuit. This option is clearly superior and fairer than a stay.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to stay proceedings should be denied.

Dated: September 23, 2005

/s/ Kathleen M. Jennings
Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
OBERLY, JENNINGS & RHODUNDA, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile

Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800 – Telephone

Attorneys for Plaintiff