**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MBNA AMERICA BANK, N.A.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No.: 05-257 KAJ |

### Stipulation Providing for the Disclosure and Use of Confidential Information

WHEREAS, to the extent that documents, materials and information subject to discovery in this case contain trade secrets, proprietary and/or other confidential and sensitive commercial, financial, or business information, including the rates, terms and conditions of the telecommunications services (collectively, "Confidential Information") provided to plaintiff MBNA America Bank, N.A. ("Plaintiff") by its telecommunications services provider AT&T, the further disclosure of which would be injurious to one of the parties or a third party, the parties to this action, by their respective counsel, hereby stipulate to the following Stipulation Providing for the Disclosure and Use of Confidential Information (the "Stipulation"), which shall be attached as Exhibit 1 to the Protective Order.

1. As used herein, the word "documents" means all written, recorded, electronic or graphic material whatsoever, including, but not limited to, documents, interrogatory answers, requests to admit and responses thereto, physical items produced by any party in this action, deposition transcripts and exhibits, and any portions of any court papers that quote from or summarize any of the foregoing.

NJ01/GUZME/95727.1

2. All documents produced by one party hereto for inspection and/or copying by another party, which either party believes to contain Confidential Information, shall be marked "Confidential" at the time copies are produced to the receiving party.

3. Confidential Information shall be used solely for the prosecution or defense of this case, shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes, and shall be disclosed only to the following persons ("Qualified Persons"):

    (a) Counsel for parties and necessary persons employed in the offices of such counsel assisting in the prosecution or defense of this case;

    (b) Outside experts or professional advisers retained by the parties to assist in the prosecution or defense of this case and persons regularly employed in the offices of such experts or advisers;

    (c) Those officers or employees of the parties selected by counsel, whose assistance is reasonably required in connection with the prosecution or defense of this case;

    (d) Court reporters and stenographers engaged to record deposition testimony and their employees; and

    (e) Such other persons as hereafter may be authorized by the Court upon motion of either party.

4. Prior to the disclosure of Confidential Information to Qualified Persons identified in paragraph 3(a) – (e), a copy of the Protective Order and the Stipulation shall have been delivered to each such person and each person shall agree to be bound by the terms of this Confidentiality Order.

5. A party may disclose Confidential Information ("Disclosing Party") to a third party witness ("Witness"), provided that the Disclosing Party requests that the Witness sign an "Acknowledgement of Confidentiality", attached hereto as Exhibit A, prior to the testimony of the Witness. If the Witness executes the Acknowledgment of Confidentiality, the Disclosing Party may, in accordance with paragraph 3, disclose the Confidential Information to the Witness. If the Witness refuses to sign the Acknowledgement of Confidentiality, the Disclosing Party shall notify in writing the party that designated the information confidential ("Designating Party") of its intended disclosure and give the Designating Party seven days to seek appropriate relief from this Court. Any such notice shall be delivered by hand and/or facsimile. If, during the seven day period after receipt of the notice, the Designating Party seeks judicial relief, the Disclosing Party shall not disclose the Confidential Information until this Court rules on the Designating Party's objection. If the Designating Party does not seek judicial relief within seven days of being advised of the Disclosing Party's intended disclosure, the Disclosing Party may immediately disclose the Confidential Information to the Witness.

6. Confidential Information set forth in an answer to an interrogatory or request to admit or other written discovery must be so designated by including the word "Confidential" in the answer.

7. Any party may use Confidential Information during a deposition without any limitation, provided that the person being deposed has executed the Acknowledgement of Confidentiality attached hereto as Exhibit A. Confidential Information contained in an answer to any question asked during an oral deposition must be so designated by a statement made on the record during the course of the deposition on

the same day that the answer is given. Alternatively, the Designating Party may thereafter designate the deposition or selected portion(s) thereof and/or exhibits thereto as "Confidential" within 30 days after receipt of the deposition transcript from the court reporter, in which case the transcripts and/or exhibits shall be subject to the terms of the Protective Order and this Stipulation.

8. The provisions of the Protective Order and this Stipulation shall not be construed as preventing:

> (a) any disclosure of Confidential Information by the party that designated the information as such; and
>
> (b) any disclosure of Confidential Information to any judge, magistrate, or employee of the Court for the purposes of this action.

9. Nothing herein shall prevent disclosure beyond the terms of the Protective Order and this Stipulation if the party providing the Confidential Information consents in writing to such disclosure, or if the Court, after notice to the affected party, orders such disclosure.

10. The restrictions on the use and disclosure of Confidential Information contained herein shall not apply to Confidential Information if the party receiving the Confidential Information can demonstrate the following:

> (a) That the information was otherwise available to the public at the time of receipt of the Confidential Information; or
>
> (b) That the information subsequently became available to the public through no fault of the receiving party or was disclosed to the

receiving party without any obligation of confidentiality by someone not a party to this action who was in lawful possession of such information.

However, no information that is specific as to details shall be deemed exempt from the restrictions on use and disclosure merely because it is contained in general information that is readily available to the public or which is in or comes into the possession of the receiving party, except to the extent the more general information precisely discloses the specific information disclosed to the receiving party.

11. The Protective Order and this Stipulation shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of the Protective Order and this Stipulation; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

12. If a party believes that a given document or item of information should not be treated as Confidential Information, that party shall notify the other party and they shall confer and attempt to resolve in good faith the matter between themselves. If the parties are unable to reach an agreement, either party may move the Court for the entry of an order that such document or item of information not be treated as Confidential Information.

13. Any person or party subject to this Stipulation who becomes subject to a motion to disclose another party's information designated as Confidential Information pursuant to the Protective Order and this Stipulation shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14. Within 120 days after the expiration of the time for any party to this action to appeal from any final order or judgment terminating said action, counsel of record for the United States shall secure the return to him or her of all documents designated as containing Confidential Information, and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such documents were disclosed under the terms of this confidentiality order, and shall certify that all Confidential Information has been destroyed or return such Confidential Information to the producing party, except that counsel for the United States may retain their work product, copies of court filings, official transcripts and exhibits, and other documents required to be retained by written Department of Justice record-retention policies as necessary for an understanding of the outcome of the case, provided that all such retained documents containing Confidential Information shall continue to be treated as provided herein. Within the same 120-day period, upon an earlier request for same, counsel shall supply to the producing party copies of each Acknowledgement of Confidentiality in the form attached hereto as Exhibit A that were signed pursuant to the terms of this order.

15. The provisions of the Protective Order and this Stipulation are without prejudice to either party's right to object to the admission of Confidential Information at trial on any ground.

16. This Stipulation may be executed in counterparts. Signatures may be exchanged by telecopy and the original signatures shall be exchanged by first class U.S. mail. Each of the parties agrees that it will be bound by its telecopied signature and that it accepts the telecopied signature of the other party.

Dated: October 12, 2005

| KELLEY DRYE & WARREN LLP | UNITED STATES ATTORNEY |
|---|---|
| */s/ Paul L. Kattas* | |
| Jacob J. Miles, Esq. | Ivan C. Dale, Esq. |
| Joseph A. Boyle, Esq | Trial Attorney/Tax Division |
| Paul L. Kattas, Esq. | U.S. Department of Justice |
| 101 Park Avenue South | Post Office Box 227 |
| New York, New York 10178 | Ben Franklin Station |
| Tel: (212) 808-7800 | Washington, DC 20044 |
| | Tel. (202) 307-6615 |
| and | |
| | Attorney for Defendant |
| Kathleen M. Jennings, Esq. (I.D. No. 913) | United States of America |
| Karen V. Sullivan, Esq. (I.D. No. 3872) | |
| OBERLY, JENNINGS & RHODUNDA, P.A. | |
| 800 Delaware Avenue, Suite 901 | |
| P.O. Box 2054 | |
| Wilmington, Delaware 19899-2054 | |
| Tel: (302) 576-2000 | |
| | |
| Attorneys for Plaintiff | |
| MBNA America Bank, N.A. | |

16. This Stipulation may be executed in counterparts. Signatures may be exchanged by telecopy and the original signatures shall be exchanged by first class U.S. mail. Each of the parties agrees that it will be bound by its telecopied signature and that it accepts the telecopied signature of the other party.

Dated: October 12, 2005

| | |
|---|---|
| KELLEY DRYE & WARREN LLP | COLM F. CONNOLLY<br>United States Attorney |
| _____<br>Jacob J. Miles, Esq.<br>Joseph A. Boyle, Esq<br>Paul L. Kattas, Esq.<br>101 Park Avenue South<br>New York, New York 10178<br>Tel: (212) 808-7800<br><br>and<br><br>Kathleen M. Jennings, Esq. (I.D. No. 913)<br>Karen V. Sullivan, Esq. (I.D. No. 3872)<br>OBERLY, JENNINGS & RHODUNDA, P.A.<br>800 Delaware Avenue, Suite 901<br>P.O. Box 2054<br>Wilmington, Delaware 19899-2054<br>Tel: (302) 576-2000<br><br>Attorneys for Plaintiff<br>MBNA America Bank, N.A. | _____<br>Ivan C. Dale, Esq.<br>Trial Attorney/Tax Division<br>U.S. Department of Justice<br>Post Office Box 227<br>Ben Franklin Station<br>Washington, DC 20044<br>Tel. (202) 307-6615<br><br>Attorney for Defendant<br>United States of America |

# EXHIBIT A

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

I hereby attest that I have read and understood and hereby agree to be bound by the terms, conditions and restrictions of the Protective Order and Stipulation Providing for the Disclosure and Use of Confidential Information in the above-captioned litigation. I hereby acknowledge that I am being given access to Confidential Information within the meaning of the Protective Order and Stipulation Providing for the Disclosure and Use of Confidential Information. I agree that I shall maintain the Confidential Information in confidence and will use such information only in accordance with the terms of this Protective Order and Stipulation Providing for the Disclosure and Use of Confidential Information.

_____