IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MBNA America Bank, N.A.

        Plaintiff,
v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NUMBER: 05-257-KAJ

## SCHEDULING ORDER

This 13th day of Oct., 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to D. Del. LR 16.2(a) on September 7, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, the parties jointly submit this Proposed Scheduling Order:

    **IT IS ORDERED** that:

1. **Rule 26(a)(1) Initial Disclosures**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) no later than September 26, 2005.

2. **Joinder of other Parties and Amendment to Pleadings**. The parties do not anticipate seeking to join other parties, nor amending or supplementing the pleadings.

3. **Discovery**

    a.    **Limitation on Hours for Deposition Discovery.** No limitation on the time for taking testimony by deposition shall be imposed, other than as provided in the Federal Rules of Civil Procedure.

b.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.  <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before <u>December 28, 2005</u>. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.  <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, Plaintiff shall file his initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery and Defendants shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before sixty days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party thirty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.  <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the

party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

4. **Protective Orders**

The parties shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than October 7, 2005. The proposed protective order shall specify the terms and conditions for the disclosure of confidential information. Any proposed order shall include the following paragraph:

> Other Proceedings: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the party seeking relief shall contact chambers to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

5.  **Papers Filed Under Seal**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.  **Settlement Conference**

Pursuant to 28 U.S.C. § 636, this matter shall be referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7.  **Interim Status Report**

On December 7, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.  **Status Conference**

On December 13, 2005, the Court will hold a Rule 16(a)(b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.  **Dispositive Motions**

The parties anticipate that this case will be resolved by motions for summary judgment. Simultaneous joint motions for summary judgment, including opening briefs in support of motion and affidavits, if any, shall be served and filed on or before February 10, 2006. Any responses to motions for summary judgment shall be filed no later than February 28, 2006, with no additional papers to be filed except upon further application to the Court. Briefing will be

presented pursuant to the Court's Local Rules.

10. **Other Motions**

The parties have discussed the possible factual and legal similarities between this case and another telephone excise tax case presently before the United States Court of Appeals for the Third Circuit, Reese Brothers v. United States, No. 05-2135 (3d Cir.). The United States contemplates requesting a stay of these proceedings to give the appellate court the opportunity to pass upon this important issue of federal law which is novel to that Court. This request, and any other application, shall be by written motion filed with the Clerk. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

11. **Pretrial Conference**. On June 28, 2006 the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before May 31, 2006.

12. **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* request, unless otherwise permitted by the Court.

13. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Not applicable.

14. **Trial**. This matter is scheduled for a 1 day non-jury trial beginning at 9:30 [9:00 KAS] a.m. on July 24, 2006. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of _four (4)_ hours to present their case.

Dated: September 8, 2005

OBERLY, JENNINGS & RHODUNDA, P.A.

/s/ Kathleen M. Jennings
Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054

KELLEY DRYE & WARREN LLP
Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
*Appearing Pro Hac Vice*

**Attorneys for Plaintiff
MBNA AMERICA BANK, N.A.**

COLM F. CONNOLLY
United States Attorney

/s/ Ivan C. Dale
IVAN C. DALE
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, DC 20044

**Attorneys for Defendant
UNITED STATES OF AMERICA**

DATE: 10/13/05

_____
UNITED STATES DISTRICT JUDGE