**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

200 KIMBALL DRIVE

PARSIPPANY, NEW JERSEY 07054

———

(973) 503-5900

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(973) 503-5950

www.kelleydrye.com

DIRECT LINE: (973) 503-5924

EMAIL: pkattas@kelleydrye.com

November 11, 2005

**VIA E-FILING**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 North King Street
Lock Box 10
Wilmington, DE  19801

> Re:    *MBNA v. United States of America*
> Civil Action No.  05-257 (KAJ)

Dear Judge Jordan:

We, along with Oberly, Jennings & Rhodunda, P.A., represent the plaintiff in the above-referenced case.  Pursuant to D. Del. LR 7.1.2 (c), we enclose three documents that are relevant to defendant's motion to stay this case.

We attach as Exhibit A decision of the Hon. Paul A. Crotty U.S.D.J., in three related matters that are currently pending in the United States District Court for the Southern District of New York.  In each of these cases, we represent a plaintiff seeking a refund of its federal telecommunications excise taxes ("FET").  Judge Crotty denied the government's application to stay these cases pending a decision by the Second Circuit in the matter entitled *Fortis, Inc. v. United States,* No. 05-2518 (2d Cir. Filed May 20, 2005).

We attach as Exhibit B a copy of the recently released IRS Notice 2005-79 in which the IRS confirms that it will continue to litigate cases in which taxpayers seek refunds of the FET, even in jurisdictions where the government has been unsuccessful to date.  Further, the IRS intends to continue collecting FET within the Eleventh Circuit despite the decision in

KELLEY DRYE & WARREN LLP

The Honorable Kent A. Jordan
November 11, 2005
Page Two

*American Bankers, Inc. Group v. United States,* 308 F. 3d 1328 (11th Cir. 2005) in which the
Court ruled that the plaintiff taxpayer's long distance communications were not subject to FET.

      We attach as Exhibit C the recent decision of the United States Court of Appeals
for the Sixth Circuit in *OfficeMax, Inc. v. United States of America*, No. 04-4009 (6th Cir,
November 2, 2005) in which the court affirmed the District Court's grant of summary judgment
in favor of the plaintiff taxpayer.

      Respectfully submitted,

Paul L. Kattas

PLK:kjn
Enclosure
cc:    Ivan Dale, U.S. Attorney (VIA FACSIMILE)
        Kathleen M. Jennings, Esq. (VIA FACSIMILE)

# EXHIBIT "A"

U.S. Department of Justice

United States Attorney
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 27 2005

*86 Chambers Street, 3rd Floor*

*New York, New York 10007*

October 5, 2005

*October 27, 2005*

*Having heard argument from counsel on these 3 consolidated cases, the Government's motion for a stay is denied at this time. The Government's time to answer is extended to November 29, 2005. It is anticipated that the Government will serve its discovery demands at that time, which the Court understands is limited. Thereafter, upon plaintiffs' response, the parties will ascertain whether there are any fact issues to appropriate at that time, plaintiffs may move for summary judgment. The Government will be free at that time to renew its motion for a stay.*

*So ordered*

*Paul Crotty*

BY HAND DELIVERY
Honorable Paul A. Crotty
United States District Judge
United States Courthouse
40 Centre Street, Room 2102
New York, New York 10007

Honorable John E. Sprizzo
United States District Judge
United States Courthouse
40 Centre Street, Room 2201
New York, New York 10007

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

Re: Deutsche Investment Mgmt. Americas Inc. v. United States of America,
05 Civ. 7120 (PAC);
Deutsche Bank Trust Corp. v. United States of America,
05 Civ. 7122 (JES);
Deutsche Bank A.G. v. United States of America,
05 Civ. 7124 (DLC)

Dear Judges Crotty, Sprizzo, and Cote:

This Office represents the defendant, the United States, in the three actions referenced above, in which plaintiffs' request for consolidation is pending. Defendant's responses to the complaints in these actions are currently due on October 10, 2005. I write at this time to request, despite objection by plaintiffs' counsel, that the actions be stayed pending a Second Circuit decision in a parallel case, Fortis, Inc. v. United States, No. 05-2518 (2d Cir. filed May 20, 2005), whose result will control the outcome of the above-referenced matters. In the alternative, I respectfully request an extension of time to answer or file a responsive motion until one week after any denial of the Government's stay application.

MEMO ENDORSED

MEMO ENDORSED

The above-referenced actions are all related cases presenting the identical question of the proper construction of a tax code provision, and, accordingly, plaintiffs' counsel has requested the actions' consolidation to Judge Crotty, as the judge assigned to the case with the lowest docket number. (Defendant concurs in this request.) However, I have been informed by Judge Crotty's courtroom deputy that plaintiffs' consolidation request will not be addressed until a potential conflict of interest question is first resolved. Therefore, given that the three cases presently remain separately assigned, I am addressing this stay request to each of the three judges currently presiding over the actions.

A stay is appropriate in the above-referenced cases given that the Second Circuit will soon decide the controlling question of law in a parallel case. In each of the three cases, plaintiff seeks to recover sums paid in federal communications excise taxes, plus interest. These taxes were collected by the plaintiffs' long-distance telephone providers pursuant to § 4251 of the Internal Revenue Code, which imposes a three-percent tax on "communications services," to be paid by the person paying for such services. 26 U.S.C. § 4251(a), (b)(2). The term "communications services" is defined to comprise services related to "local telephone service," "toll telephone service," and "teletypewriter exchange service," id. § 4251(b)(1), which are defined in turn in 26 U.S.C. § 4252. Plaintiffs each contend that their long-distance service does not fall within the definitions set out in § 4252, and that therefore the excise taxes they paid were improperly assessed.

As stated in plaintiffs' letter request for consolidation, "this identical issue" has already been litigated within this district in Fortis, Inc. v. United States, 2004 U.S. Dist. LEXIS 18686 (S.D.N.Y., 2004). See Letter from Joseph A. Boyle dated August 18, 2005 (copy enclosed). The district court's decision in Fortis is presently pending before the Second Circuit on appeal, and the matter has been assigned docket no. 05-2518. Appellant United States's brief is currently due on October 20, 2005.

Given that the Second Circuit's decision in Fortis will contain authoritative guidance as to the proper disposition of the instant litigation, a stay pending a decision in the Fortis appeal is clearly warranted. It is well established that a district court has the inherent power to stay proceedings in order to wisely manage its docket, "with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). "Although courts award stays in a wide variety of circumstances, they often do so when a higher court is close to settling an important issue of law bearing on the action." Wing Shing Products Ltd. v. Simatelex Manufactory Co., 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (internal quotation marks omitted); see also SST Global Technology, LLC v. Chapman, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (noting propriety of stay in light of a "concurrently pending federal action . . . because the pending action would resolve a controlling point of law"). The reason for staying a case in such circumstances is plain: there is little sense in expending the resources of the parties and the district court to argue and decide an issue that will be resolved in any event by the higher court's decision in the related matter. "[E]ven when the issues in the independent

2

proceeding are not necessarily controlling of the action before the court," a stay may still be appropriate "[w]here it is efficient for a trial court's docket and the fairest course for the parties." In re Literary Works in Electronic Databases Copyright Litigation, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001).

Here, forbearance is particularly warranted, for the Second Circuit's decision in Fortis *will* in all likelihood be completely controlling with respect to the actions at bar. Both parties agree that there are no meaningful questions presented in this litigation apart from the issue of statutory interpretation presented in Fortis. As stated in plaintiffs' August 18 letter, the actions at bar "turn on the answer to one, and only one, question" – namely, whether the taxed communications services fall within the scope of 26 U.S.C. §§ 4151 and 4152. As this is the precise issue to be decided in Fortis, it would be an idle exercise to litigate the issue here in advance of that decision. See In re Literary Works, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) ("It would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision that all agree will significantly impact this . . . litigation.").

Nor can the plaintiffs – large international financial institutions – credibly claim that they would suffer any meaningful prejudice were these cases to be stayed pending the outcome of Fortis. "To the contrary, any loss caused by the stay will be monetary in nature, and therefore will be susceptible to an award of interest." Wing Shing Products Ltd., 2005 WL 912184, at *2. Moreover, the stay being sought is not indefinite in nature, but rather would expire as soon as the Second Circuit issues its decision in Fortis. Id.

Accordingly, the United States respectfully requests that each of the three above-referenced matters be stayed pending a decision by the Second Circuit in Fortis. Defendant further respectfully requests that, in the event that defendants' request for a stay is denied, the deadline for defendant to respond to the complaint be extended until 7 days after such denial.

I respectfully request that this letter be docketed. Thank you for your consideration of this matter.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By:   /s/ Serrin Turner
SERRIN TURNER
Assistant United States Attorney
Telephone: (212) 637-2701
Facsimile: (212) 637-2686

3

cc:    Paul L. Kattas, Esq. (by electronic mail)
       Kelley Drye & Warren, LLP
       101 Park Avenue
       New York, NY 10178

# EXHIBIT "B"

Part III — Administrative, Procedural, and Miscellaneous

Communications Excise Tax; § 4251

Notice 2005-79

The government's recent loss in <u>American Bankers Ins. Group v. United States</u>, 408 F.3d 1328 (11th Cir. 2005), <u>rev'g</u> 308 F. Supp. 2d 1360 (S.D. Fla. 2004), has caused some to question the continued applicability of the communications excise tax imposed by § 4251 of the Internal Revenue Code.

The government did not seek review by the United States Supreme Court in <u>American Bankers Insurance Group</u>.  Nevertheless, the government will continue to litigate this important issue.  The government is prosecuting appeals in five different circuits.  The appeal in <u>Office Max v. United States</u>, 309 F. Supp. 2d 984 (N.D. Ohio 2004), has been briefed and argued, and the parties are awaiting a decision.

This notice confirms that the Service will continue to assess and collect the tax under § 4251 on all taxable communications services, including communications services similar to those at issue in the cases.  Collectors should continue to collect the tax, including from taxpayers within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit.

Persons paying for taxable communications services (taxpayers) are required to pay the tax to a collecting agent (the person receiving the payment on which tax is imposed), and collecting agents are required to pay over the tax to the United States Treasury and to file the required returns.  Taxpayers may preserve any claims for overpayments by filing administrative claims for refund with the Service pursuant to § 6511.  Taxpayers are advised, however, that these claims, including claims for which appellate venue would lie in the United States Court of Appeals for the Eleventh Circuit, will not be processed while there are pending cases in other United States Courts of Appeals.

EFFECT ON OTHER DOCUMENTS

Notice 2004-57, 2004-34 I.R.B. 376, is superseded.

DRAFTING INFORMATION

The principal author of this notice is Barbara B. Franklin of the Office of Associate Chief Counsel (Passthroughs and Special Industries).  For further information regarding this notice Contact Cynthia A. McGreevy at (202) 622-3130 (not a toll-free call).