1 of 1 DOCUMENT

PRIVATE RULING 200227008

INTERNAL REVENUE SERVICE NATIONAL OFFICE TECHNICAL ADVICE MEMORANDUM

"This document may not be used or cited as precedent. Section 6110(j)(3) of the Internal Revenue Code."

Section 4251 -- Communications Tax;
Section 4252 -- Communications Definitions;
Section 4253 -- Communications Tax Exemptions

4251.00-00, 4253.06-00

*PLR 200227008; 2001 PLR LEXIS 2102*

**DATE:** March 8, 2001

**REFER REPLY TO:** [*1] CASE MIS No.: TAM-167312-01/PSI:B8

Release Date: 7/5/2002

INTERNAL REVENUE SERVICE
NATIONAL OFFICE TECHNICAL ADVICE MEMORANDUM

Third Party Contact: None
Director, Area 8
Small Business/Self-Employed Operating Division

Taxpayer Name: * * *
Taxpayer Address: * * *
Taxpayer Identification No: * * *
Quarters Involved: * * *
Date of Conference: * * *

LEGEND:
Taxpayer = * * *

ISSUE

[1] Whether Taxpayer is exempt from the tax imposed by *4251 of the Internal Revenue Code* with respect to the communications services described below by reason of 4253(f).

CONCLUSION

[2] Taxpayer is not exempt from the tax imposed by 4251 with respect to the communications services described below by reason of 4253(f).

FACTS

[3] Taxpayer is a common carrier [*3] within the meaning of 4253(f). In the conduct of its business, Taxpayer subscribes to four communications services: domestic and Canadian inbound toll-free service, inbound toll-free

switched service, and outbound toll-free virtual network service (collectively, the Services). The charge for each service is determined on a per minute basis.

[4] Section 4251(a)(1) imposes a tax on amounts paid for certain communications services. Section 4251(b)(1) provides that the term communications services includes toll telephone service.

[5] Section 4252(b) defines toll telephone service as:

(1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and

(2) a service which entities the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations [*4] in a specified area which is outside the local telephone system area in which the station provided with the service is located.

[6] Section 4253(f) provides that no tax shall be imposed under 4251 on the amount paid for any toll telephone service described in 4252(b)(2) to the extent that the amount so paid is for use by a common carrier, telephone or telegraph company, or radio broadcasting station or network in the conduct of its business as such.

[7] In *Rev. Rul. 79-404, 1979-2 C.B. 382,* the IRS considered the applicability of 4252(b)(1) to telephone messages that were relayed by an offshore radio telephone service by satellite between sites outside the United States and landline stations in the United States. The charge for the service varied only with elapsed transmission time (the charge was stated to be 3X dollars per minute for the first three minutes thereof, and 1X dollar for each additional minute or fraction thereof). The ruling states that prior to the amendment of 4252 by 302 of the Excise Tax Reduction Act of 1965, *1965-2 C.B. 568, 577-578,* "toll telephone service" was defined, in part, [*5] as a telephone or radio telephone message or conversation for which (1) there was a toll charge, and (2) the charge is paid within the United States. The legislative history of 4252 indicates that in amending 4252, the Congress intended to exempt certain private communication services from the tax and repeal the tax on telegraph service and wire and equipment service, but there was no indication that the Congress otherwise intended to make changes in the types of service subject to tax. See H. Rep. No. 89-433, at 30-31 (1965), *1965-2 C.B. 643, 666;* S. Rep. No. 89-324, at 36 (1965), *1965-2 C.B. 676, 704.* Accordingly, the ruling holds that the described service is toll telephone service within the meaning of 4252(b)(1) notwithstanding that the charge for the service did not vary with distance.

[8] As provided by 4253(f), amounts paid for the use of any toll telephone service described in 4252(b)(2) by a common carrier in the conduct of its business as such are exempt from the communications tax. However, a common carrier is not exempt with respect to toll telephone service that is described in 4252(b)(1).

[9] The definition [*6] contained in 4252(b)(2) is intended to describe service commonly known as wide area telephone service or WATS, which is described in the legislative history to 4252 as a service whereby for a flat charge the subscriber is entitled to make an unlimited number of calls within a defined area (sometimes limited as to the maximum amount of hours). See H. Rep. No. 89-433, supra; S. Rep. No. 89-324, supra. Thus, WATS resembles on a wide area basis a service similar to traditional local telephone service wherein the subscriber pays a fixed monthly rate for an unlimited number of calls and the charge does not vary according to the length, destination, or number of calls.

[10] Taxpayer argues that it purchases services described in 4252(b)(2). Taxpayer emphasizes that the charge for each service is based upon total elapsed transmission time as used in the parenthetical in 4252(b)(2). However, the charges for the Services are determined on the basis of the duration of each call. Unlike local service, Taxpayer does not pay a fixed amount in advance for an unlimited number of calls. Thus, the Services are similar to the service in *Rev. Rul. 79-404* [*7] that was held to be described in 4252(b)(1), not 4252(b)(2). That is, the Services in question do not entitle Taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time, but rather provide Taxpayer with telephone service for which Taxpayer is charged an amount that varies based upon the duration of each call.

[11] Because the Services are not services described in 4252(b)(2), the Services are not exempted from tax by virtue of 4253(f). Therefore, Taxpayer is not exempt from tax on amounts paid for the above described communications services.

CAVEATS

[12] A copy of this technical advice memorandum is to be given to the taxpayer. Section 6110(k)(3) provides that it may not be used or cited as precedent. In accordance with 6110(c), names, addresses, and other identifying numbers have been deleted.