1 of 1 DOCUMENT

PRIVATE RULING 200009005

INTERNAL REVENUE SERVICE NATIONAL OFFICE TECHNICAL ADVICE MEMORANDUM

"This document may not be used or cited as precedent. Section 6110(j)(3) of the Internal Revenue Code."

Section 4251 -- Communications Tax;
Section 4252 -- Communications Definitions;
Section 4253 -- Communications Tax Exemptions

4251-00.00

*PLR 200009005; 1999 PLR LEXIS 1871*

**DATE:** November 8, 1999

**REFER REPLY TO:** [*1] Control No.: TAM-115903-99/CC:DOM:P&SI:B8

Release Date: 3/3/2000

Internal Revenue Service

NATIONAL OFFICE TECHNICAL ADVICE MEMORANDUM

District Director = * * *
Taxpayers Name: * * *
Taxpayer's Address: * * *
 [*3] Taxpayer Identification No.: * * *
Periods Involved: * * *
No Conference Held * * *

LEGEND:
Taxpayer = * * *

ISSUE

[1] Is Taxpayer exempt from the tax imposed by *section 4251 of the Internal Revenue Code* with respect to the services described below by reason of section 4253(f)?

CONCLUSION

[2] Taxpayer is not exempt from the tax imposed by section 4251 with respect to the services described below by reason of section 4253(f).

FACTS

[3] Taxpayer is a common carrier in the business of transporting chemicals and fuels. In the conduct of its business it has subscribed to toll telephone service provided by two different carriers.

[4] The first carrier charges a flat per minute rate for all outgoing long distance calls within the continental United States and a different flat per minute rate for all incoming long distance calls within the United States.

[5] The second carrier charges a flat per minute rate for switched access service for interstate long distance calls within the continental United States and a different flat per minute rate for switched access service for intrastate long distance calls. It charges a different flat per minute rate for service [*4] using a dedicated line for-interstate long distance calls within the continental United States and a different flat per minute rate for service using a dedicated line for intrastate long distance calls. Different per minute rates apply to international toll telephone calls. Monthly minimum usage requirements apply.

LAW AND ANALYSIS

[6] Section 4251(a)(1) imposes a tax on amounts paid for certain communications services. Section 4251(b)(1) provides that the term communications services includes toll telephone service.

[7] Section 4252(b) defines "toll telephone service" as:

(1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and

(2) a service which entities the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations [*5] in a specified area which is outside the local telephone system area in which the station provided with the service is located.

[8] Section 4253(f) provides that no tax shall be imposed under section 4251 on the amount paid for any toll telephone service described in section 4252(b)(2) to the extent that the amount so paid is for use by a common carrier, telephone or telegraph company, or radio broadcasting station or network in the conduct of its business as such.

[9] In *Rev. Rul. 79-404, 1979-2 C.B. 382,* the Service considered the applicability of section 4252(b)(1) to telephone messages that were relayed by an offshore radio telephone service by satellite between sites outside the United States and landline stations in the United States. The charge for the service varied only with elapsed transmission time (the charge was stated to be 3X dollars per minute for the first three minutes thereof, and 1X dollar for each additional minute or fraction thereof). The ruling states that prior to the amendment of section 4252 by section 302 of the Excise Tax Reduction Act of 1965, *1965-2 C.B. 568, 577-578,* "toll [*6] telephone service" was defined, in part, as a telephone or radio telephone message or conversation for which (1) there was a toll charge, and (2) the charge is paid within the United States. The legislative history of section 4252 indicates that in amending section 4252, the Congress intended to exempt certain private communication services from the tax and repeal the tax on telegraph service and wire and equipment service, but there was no indication that the Congress otherwise intended to make changes in the types of service subject to tax. See H. Rep. No. 89-433, at 30-31 (1965), *1965-2 C.B. 643, 666;* S. Rep. No. 89-324, at 36 (1965), *1965-2 C.B. 676, 704.* Accordingly, the ruling holds that the above-described service is toll telephone service within the meaning of section 4252(b)(1) notwithstanding that the charge for the service did not vary by distance.

[10] As provided by section 4253(f), amounts paid for the use of any toll telephone service described in section 4252(b)(2) by a common carrier or communications company in the conduct of its business as such are exempt from the communications tax. However, a common carrier [*7] or communications company is not exempt with respect to toll telephone service that is described in section 4252(b)(1).

[11] The definition contained in section 4252(b)(2) is intended to describe service commonly known as wide area telephone service or WATS, which is described in the legislative history to section 4252 as a service whereby for a flat charge the subscriber is entitled to make an unlimited number of calls within a defined area (sometimes limited as to the maximum amount of hours). See H. Rep. No. 89-433, supra; S. Rep. No. 89-324, supra. Thus, WATS resembles on a wide area basis a service similar to traditional local telephone service wherein the subscriber pays a fixed monthly rate for an unlimited number of calls and the charge does not vary according to the length, destination, or number of calls.

[12] Taxpayer emphasizes that the charge per fixed unit of time for each service is computed based upon "total elapsed transmission time" as used in the parenthetical in section 4252(b)(2). However, calls are billed on the basis of the duration of each individual call, not on the total elapsed transmission time of all calls to a specified area. Thus, the services are similar [*8] to the service in *Rev. Rul. 79-404* which was held to be described in section 4252(b)(1), not section 4252(b)(2). That is, the services for which Taxpayer pays do not entitle Taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time, but rather provide Taxpayer with telephone service for which Taxpayer is charged an amount that varies based upon the duration of each call.

CAVEATS

[13] A copy of this technical advice memorandum is to be given to the taxpayer. Section 6110(k)(3) provides that it shall not be used or cited as precedent. In accordance with section 6110(c), names, addresses, and other identifying numbers have been deleted.