**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MBNA AMERICA BANK, N.A.**<br>　　　　Plaintiff,<br>v.<br>**UNITED STATES OF AMERICA,**<br>　　　　Defendant. | **CASE NUMBER: 05-257-KAJ** |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO CROSS-MOTION FOR
SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
OBERLY, JENNINGS & RHODUNDA, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054
(302) 576-2000

Jacob J. Miles, Esq.
Joseph A. Boyle, Esq
Paul L. Kattas, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

Dated: February 28, 2006

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................................ii

I. Nature and Stage of Proceedings .........................................................................................1

II. Summary of Argument.........................................................................................................1

III. Statement of Facts ................................................................................................................3

IV. Argument

    A.    Plaintiff's Services Are Not Taxable As "Local" Telephone Services Under Section 4252(a) ........................................................................................................3

        1.  Plaintiff's Services Are Not Taxable Under Section 4252(a)(1) or (a)(2).........3

        2.  Plaintiff's Services Are Not Local Services ......................................................5

        3.  The Court Cannot Presume What Congress Meant ..........................................6

    B.    The Government Has Not Argued That Plaintiff's Services Are Taxable Under Section 4252(b)(1) ...................................................................................................8

        1.  The Word "And" Is Not Ambiguous ................................................................8

    C.    The Government Does Not Claim That Plaintiff's Services Are Taxable Under Section 4252(b)(2) .................................................................................................10

    D.    Even If There Were Any Ambiguity (there is not), The Statute's Legislative History is Consistent With Its Plain Language ......................................................10

V. Conclusion .........................................................................................................................12

# TABLE OF AUTHORITIES

Cases

*America Online v. United States*, 64 Fed. Cl. 571 (Ct. Cl. 2005)
    *appeal pending*, No. 05-5138..................................................................................6, 9

*American Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005)
    *rev'g* 308 F. Supp. 2d 1360 (S.D. Fla. 2004).................................................6, 9, 11

*BedRoc Ltd., LLC v. United States*, 541 U.S. 176 (2004)...............................................7

*Fortis, Inc. v. United States*, 2004 U.S. Dist. LEXIS 18686 (S.D.N.Y. 2004)
    *appeal pending*, No. 05-2518 (2d Cir)...................................................................5, 7

*Gass v. Virgin Islands Telephone Corp.*, 311 F.3d 237 (3d Cir. 2002) ...........................8

*Hewlett-Packard Company v. United States*, 2005 U.S. Dist. LEXIS 19972 (N.D. Cal. 2005)......9

*Honeywell Int'l Inc. v. United States*, 64 Fed.Cl. 188 (Ct. Cl. 2005)
    *appeal pending*, No. 05-5145..................................................................................5, 9

*Iselin v. United States*, 270 U.S. 245 (1926)...................................................................7

*Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005), *aff'd Nat'l R.R.*
    *Passenger Corp v. United States*, 338 F. Supp. 2d 22 (D.D.C. 2004) ................2, 6, 7, 8, 9

*OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005), *aff'g*,
    309 F. Supp. 2nd 984 (N.D. Ohio 2004).......................................4, 6, 8, 9, 10, 11, 12

*Reese Bros., Inc. v. United States*, 2004 U.S. Dist. LEXIS 27507 (W.D. Pa. 2004)
    *appeal pending*, No. 05-2135..................................................................................9

Statutes

26 U.S.C. § 1 *et seq.*......................................................................................................1

26 U.S.C. § 4252..........................................................................................................1, 2

26 U.S.C. § 4252 (a) ...........................................................................................2, 3, 5, 6, 11

26 U.S.C. § 4252 (a)(1).............................................................................................3, 4, 5

26 U.S.C. § 4252 (a)(2).............................................................................................3, 4, 5

26 U.S.C. § 4252 (b) ................................................................................................3, 6, 8, 11

26 U.S.C. § 4252 (b)(1) ................................................................................................2, 8, 9, 11

26 U.S.C. § 4252 (b)(2) ......................................................................................................3, 10

26 U.S.C. § 4253..........................................................................................................................5

Case 1:05-cv-00257-JJF-MPT   Document 44   Filed 02/28/2006   Page 4 of 16

I.      **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff MBNA America Bank, N.A. ("Plaintiff") brings this action to obtain a refund of the federal communications excise taxes Plaintiff paid for the quarters ending March 31, 2001, through September 30, 2004.  On May 2, 2005, Plaintiff filed a complaint in the United States District Court for the District of Delaware, seeking a refund in excess of $3,761,394.51, plus interest, as provided by law.  The United States filed an Answer to the Complaint on August 4, 2005, refuting Plaintiff's entitlement to a refund.

On February 10, 2006, Plaintiff MBNA America Bank, N.A. ("Plaintiff"), filed a Motion for Summary Judgment on Liability and an accompanying Opening Brief in Support of Plaintiff's Motion for Summary Judgment on Liability.  On February 10, 2006, Defendant United States of America ("Defendant or the "Government") filed a Cross-Motion for Summary Judgment.  This is Plaintiff's Answering Brief in Opposition to Defendant's Cross-Motion for Summary Judgment and in Further Support of Plaintiff's Motion for Summary Judgment on Liability in the above-captioned action.

II.     **SUMMARY OF ARGUMENT**

The Government's motion should be denied because it provides no basis for interpreting the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 1. *et. seq.* (the "Code"), other than in accordance with its plain meaning, and Plaintiff's Motion for Summary Judgment on Liability should be granted.

The Government's request to have this Court ignore the plain meaning of Section 4252 is not persuasive.  Neither the rules of statutory construction nor the legislative history of Section 4252 support departing from the plain meaning of the statute.  The Government, in a tacit acknowledgement of the meritless nature of the

arguments it has relied on in related cases pending before other district courts, omits many of those arguments in its moving papers, and instead claims that Plaintiff's telecommunications services are taxable as local services under Section 4252(a). This argument, like those previously asserted by the Government, is without merit because it asks this Court to rewrite the statute and expand its scope to tax services that do not fall within the statutory definition Congress provided. Seven federal district courts, including three federal appellate courts (the Court of Appeals for the Eleventh Circuit, Sixth Circuit and the District of Columbia Circuit) have rejected the Government's attempt to take on the role of Congress and rewrite the statute. As the District of Columbia Circuit Court noted in deciding this exact issue, the Government "must take its case to Congress." *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005), *aff'd Nat'l R.R. Passenger Corp. v. United States*, 338 F. Supp. 2d 22, 27 (D.D.C. 2004).

Significantly, the Government has not argued, and therefore implicitly concedes, that under Section 4252(b)(1) the federal communications excise tax is only due on "toll telephone service" for which there is a toll charge that varies in amount based upon the elapsed transmission time *and* distance of each individual communication. Therefore, the excise tax does not apply to services whose charges are not based on both the distance and duration of each call. Since it is undisputed that Plaintiff's charges for the telecommunications services at issue are not based upon the distance of each individual call, Plaintiff's services are not subject to the tax. Furthermore, the Government does not contend that Plaintiff's telecommunications services allowed the company to make "unlimited calls" for a "flat amount" or "periodic" charge or that the calls were billed based on a "flat rate" method. Thus, the Government

concedes that Plaintiff's telecommunications services are also not taxable under Section 4252(b)(2). The Government does not argue otherwise.

The Government's last-ditch argument that Plaintiff's services are taxable as "local telephone services" under Section 4252(a), like its now discarded arguments regarding the interpretation of Section 4252(b), is without merit and must be rejected.

### III. STATEMENT OF FACTS

Plaintiff incorporates by reference, as if fully set out herein, the Statement of Facts contained in Plaintiff's Opening Brief in Support of Plaintiff's Motion for Summary Judgment on Liability, Docket No. 42.

### IV. ARGUMENT

#### A. Plaintiff's Services Are Not Taxable As "Local" Telephone Service Under Section 4252(a)

The Government claims that if Plaintiff's services are not taxable as "toll telephone service" under Section 4252(b), then the services are taxable as local telephone services under Section 4252(a), which the Government asserts is "quite broad." The Government claims that because Plaintiff had access to a local telephone system in order to connect to a long distance network, the services provided fit within the statutory definition of local service and are therefore taxable under either Section 4252(a)(1) or (2). This argument is meritless and should be rejected by this Court.

##### 1. Plaintiff's Services Are Not Taxable Under Section 4252(a)(1) or (a)(2)

The Government's argument that Plaintiff's services are taxable under Section 4252(a)(2) is flawed. As with the Government's previous misreading of the statute, the Government once again ignores the conjunctive "and." Section 4252(a)(2) refers to a "service provided in connection with a service described in" Section

3

4252(a)(1). Section 4252(a)(1) defines that "service" as "access to a local telephone system, ***and*** the privilege of telephonic quality communication with substantially all persons having telephone or radio stations constituting a part of such local telephone system" (emphasis added). Although a long distance call may, in some instances, use access to a local telephone system, it is not disputed or even suggested by the Government that such access provides the caller with the second element of local telephone service – "the privilege of telephonic quality communications with substantially all persons having telephone or radio stations constituting a part of such local telephone system." Thus, while a long distance call may, in some instances, begin on a local system, the long distance caller accessing the local system to place a long distance call is not provided with the second element of local telephone service—access to substantially every caller on that local network. As a result, Plaintiff's services are not taxable under Section 4252(a)(2).

The Government's argument is also flawed based upon the plain language of Section 4252(a)(1), which requires "the access to ***a*** local telephone system." (emphasis added). As the Sixth Circuit in *OfficeMax* recently noted, Section 4252(a)(1) "requires 'access to a' local telephone system, not 'access to every' local telephone system involved within the boundaries of a long-distance plan." *OfficeMax, Inc. v. United States*, 428 F.3d 583, 600 (6th Cir. 2005), *aff'g*, 309 F. Supp. 2d 984 (N.D. Ohio 2004). Thus, the court noted, the definition "contemplates a service within limited geographic reach, not a plan that makes use of an untold number of local services." *Id.* The Government's attempt to stretch the plain meaning of the statute to suit its purposes should be rejected.

Also meritless is the Government's claim that Plaintiff's long distance services amount to "any facility or service provided in connection with a service described in paragraph (1)." 26 U.S.C. § 4252(a)(2). Long distance service is not "provided in connection with" local service. Local service is provided in connection with long distance service so that the user can access the long distance lines. Again, the Government's attempt to creatively interpret the plain statutory language should be rejected. In addition, 4252(a)(2) requires that the "facility or service" be provided in connection with a "*service*" described in 4252(a)(1). As noted, the service described in 4252(a)(1) requires **both** access to a local system **and** the privilege of communications with every one else on that system. A long distance call that transmits over the local system to the long distance network does not also allow the long distance caller the right to call everyone else on the local system.

2. **Plaintiff's Services Are Not Local Services**

Further, as a general matter, the Government's contention that Plaintiff's long-distance telecommunications services constitutes taxable "local" telephone service under Section 4252(a) defies common sense. Although it has acknowledged in the past that this argument "might seem counterintuitive", the Government argues that Congress meant to use the term "local telephone service" as a catchall. As a result, the Government argues, any services that are not explicitly exempted under Section 4253 are to be taxed. This argument is without merit and has been rejected by every court that has considered it. As the *Fortis* court aptly noted, "[i]t is hardly a plain or natural reading of the statute to claim that the entire United States is part of one 'local telephone system.'" *Fortis, Inc. v. United States*, 2004 U.S. Dist. LEXIS 18686 at *50-51 (S.D.N.Y. 2004), *appeal pending,* No. 05-2518 (2d Cir.); *See Honeywell* v. *Int'l Inc. v. United States*, 64

5

Fed.Cl. 188, 203 (Ct. Cl. 2005) *appeal pending*, No. 05-5145 (same); *OfficeMax, Inc. v. United States*, 309 F. Supp. 2d at 1007 ("there is absolutely no basis upon which to find that the long-distance service at issue herein falls within the statutory definition of 'local telephone service'"); *Nat'l R.R.,* 338 F. Supp. 2d at 30 ("It is inconceivable that Congress considered a nationwide network to be 'local.' The text of the statute belies such an interpretation.")

Furthermore, this argument mischaracterizes the structure of the statutory provisions at issue. "Section 4251 sets out which items will be taxed, … Section 4252 defines those terms [and] Section 4253 grants exemptions to certain services …. The fact that certain exemptions are specified does not mean that anything not expressly exempted is taxed." *American Bankers Ins. Group v. United States*, 408 F.3d 1328, 1338 (11th Cir. 2005), *rev'g* 308 F. Supp. 2d 1360 (S.D. Fla. 2004), (quoting *America Online*, 64 Fed. Cl. 571, 582 (Ct. Cl. 2005), *appeal pending*, No. 05-5138). Plaintiff's telecommunications services at issue in this case are not local calls (nor do they fit within any other definition of taxable calls). As a result, they are not telecommunications services that would be taxable absent an exemption – they simply are not taxable telecommunications services at all.[1]

### 3. **The Court Cannot Presume What Congress Meant**

The Government's suggestion that this Court re-write the statute to reflect its current policy objectives and maintain a certain amount of tax revenue should also be

---

[1] Also meritless is the alleged significance that the Government attaches to the fact that Section 4252(a) specifically exempts from taxation service which is "toll telephone service." The fact that Plaintiff's services do not fit within the definition of "toll telephone service" in Section 4252(b) does not somehow convert them into local service as set forth in Section 4252(a). It just means that local service is separate and distinct from "toll telephone service." The plain meaning of the statute, and not overly creative arguments, is what must control.

6

rejected. As the *Fortis* court noted, it is the province of Congress, not of the IRS or the courts, to amend and expand the underlying statute to respond to industry changes. The *Fortis* court explained:

> This case does not even involve a drafting error; it involves a disconnect between a forty-year old tax scheme and recent innovations in the telecommunications industry. It is plainly Congress' responsibility to decide whether to revise the statute to accommodate such developments.

*Fortis*, 2004 U.S. Dist. LEXIS 18686 at *32.

In addition, the Government's argument is contrary to the Supreme Court's ruling in *Iselin v. United States*, 270 U.S. 245 (1926). In *Iselin,* the Court held that to enlarge a statute beyond its plain and unambiguous language goes beyond the judicial role. Referring to a provision in the Revenue Act of 1918, the Supreme Court held that statutes should not be extended by construction to give effect to the purpose of Congress. Such construction would in actuality be "an enlargement of [the statute] by the court, so that what was omitted, presumably by inadvertence, may be included within its scope." *Id*. at 251. "To supply omissions," the Court continued, "transcends the judicial function." *Id.* Recent decisions of the Supreme Court have affirmed the holding in *Iselin* and have reiterated the well-established rule of statutory construction that when the text of a statute is clear and unambiguous, the intent of Congress is deemed to be what is manifested by the very language. *See, e.g., BedRoc Ltd., LLC v. United States*, 541 U.S. 176 (2004); *Nat'l R.R.*, 431 F.3d at 27. As the District Court in *Nat'l R.R.* aptly noted, "if the statutory language no longer fits the infrastructure of the industry, the IRS needs to ask for congressional action to bring the statute in line with today's reality. It cannot

7

create an ambiguity that does not exist or misinterpret the plain meaning of statutory language to bend an old law toward a new direction." *Nat'l R.R.* 338 F. Supp. at 27-28.

### B. The Government Has Not Argued That Plaintiff's Services Are Taxable Under Section 4252(b)(1)

The plain meaning of the Code provisions at issue clearly mandates that Plaintiff's communications services are not subject to the excise tax under Section 4252(b)(1) because the charges for the services did not vary based upon the distance of the calls. The Government's failure to raise this issue amounts to a waiver of this argument. *See, e.g., Gass v. Virgin Islands Telephone Corp.*, 311 F.3d 237, 246 (3d Cir. 2002).

#### 1. The Word "And" is Not Ambiguous

Contrary to past practices, the Government has not even attempted to argue that the word "and" in Section 4252(b) is ambiguous. The overwhelming authority to the contrary bars them from doing so. As the Sixth Circuit in *OfficeMax* recently held, "dictionary definitions, legal usage guides and case law compel us to start from the premise that 'and' usually does not mean 'or.'" *OfficeMax, Inc.*, 428 F.3d at 588. The court cited to numerous legal treatises and opinions to conclude that "and" should be interpreted in the conjunctive. *Id.* at 588-589. The court also clarified that when courts have construed "and" disjunctively, "they have done so only to avoid an incoherent reading of a statute." *Id.* at 589. Furthermore, there is nothing absurd in requiring a telephone toll charge to vary in both distance and time before subjecting it to tax, since that was precisely how long distance charges were calculated by AT&T in 1965. *Id.* at 590. In contrast, the court noted that there *is* something odd about giving the phrase "distance and time" a disjunctive interpretation:

8

> Why would Congress write a statute that says toll charges may vary by time or distance? In the last decade, it is true, *time-*varied toll charges have proved to be a viable stand-alone option. How strange, however, to impose a toll charge that varies solely by *distance,* with all calls from, say, Columbus, Ohio to Bozeman, Montana costing the same amount regardless of whether they last 60 seconds, 60 minutes or 60 days. At no point in this litigation has the government given us any indication that there is now, or ever has been, such a curious billing practice. *Id.*

Every other court that has considered this very issue has come to the same conclusion. As the Eleventh Circuit held in *American Bankers*, "there is nothing in the statutory context to suggest that 'and' is used as meaning 'or.' The phrase is unambiguous. The plain meaning is clear—'and' is used conjunctively." *American Bankers*, 408 F.3d at 1332. *See also America Online,* 64 Fed. Cl. at 577 ("Section 4252(b)(1) unambiguously requires that a toll charge vary in amount according to both the distance and duration of calls"); *OfficeMax*, 309 F. Supp. 2d at 995 ("when Congress wrote the phrase 'distance and elapsed transmission time,' it meant for the word 'and' to be read conjunctively"); *Honeywell* 64 Fed. Cl. at 199; *Nat'l R.R.*, 338 F. Supp. 2d at 27; *Fortis, Inc.*, 2004 U.S. Dist. LEXIS 18686 at *18; *Reese Bros., Inc. v. United States*, 2004 U.S. Dist. LEXIS 27507 at *12-13 (W.D. Pa. 2004), *appeal pending*, No. 05-2135 (3d Cir.); *Hewlett-Packard Company v. United States* 2005 U.S. Dist. LEXIS 19972 (N.D. Cal. 2005).

The plain language of Section 4252(b)(1) should be given effect. The Government does not dispute that the charges for Plaintiff's services did not vary based upon distance and elapsed transmission time. It follows then that the services are not taxable under Section 4252(b)(1).

9

      **C.**    **The Government Does Not Claim That Plaintiff's Services Are Taxable Under Section 4252(b)(2)**

Plaintiff's telecommunications services are not taxable under Section 4252(b)(2) of the Code. The Governments' failure to raise this argument constitutes a waiver of it. The services provided to Plaintiff did not allow it to make "unlimited calls" for a "flat amount" or "periodic" charge. (*See* Declaration of Francis R. Faerber, ¶ 7, Docket No. 35 (hereinafter "Faerber Dec. ¶ __")). Furthermore, Plaintiff's services were not billed based on a "flat rate" method, which is the method demanded by Section 4252(b)(2). (*See* Faerber Dec. ¶ 6). Instead, Plaintiff was charged an amount that varied exclusively based upon the duration of each individual call. (*See* Faerber Dec. ¶ 4). As the *OfficeMax* court recently noted, the phone service at issue there (like Plaintiff's here) "levels charges for each call made, eschewing any reasonable definition of 'unlimited' and allows calls to any non-local portion of the county, stretching the limits of 'specified area.'" *OfficeMax,* 428 F.3d at 599. As a result, the communications services at issue do not constitute taxable "toll telephone services" under Section 4252(b)(2). *See OfficeMax*, 309 F. Supp. 2d at 1006-07.

      **D.**    **Even If There Were Any Ambiguity (there is not), The Statute's Legislative History is Consistent With Its Plain Language**

As an initial matter, the Government's attempt to invoke the legislative history of the Excise Tax Reduction Act of 1965 (the "1965 Act") is improper because the Government "has not presented the necessary warrant—a case of statutory ambiguity—for commencing a search of the statute's legislative history." *OfficeMax* 428 F.3d at 592. The language of the statute is clear and, thus, the suggestion that the Court ignore the plain language and resort to legislative history should itself be ignored.

In any event, the Government's rambling argument about the legislative history of the Act and the telecommunications industry only serves to bolster Plaintiff's position. It does not support an argument to overlook the plain meaning of Section 4252(a) or Section 4252(b)(1). Not surprisingly, the Government's analysis of the legislative history glosses over the fact that prior to the 1965 Act's amendments, "toll telephone service" was broadly defined, in part, as "a telephone or radio telephone message or conversation for which (1) there is a toll charge, and (2) the charge is paid within the United States." 26 U.S.C. Section 4252(b), as enacted by P.L. 85-859. The Government's refusal to acknowledge that it was Congress's intent to narrow the definition of "toll telephone service" in the 1965 Act runs up against reality and the overwhelming weight of authority. The definition was changed from an extremely broad definition to one which took into account the two distinct billing methods employed by the sole long-distance provider at the time, AT&T. *OfficeMax* 428 F.3d at 592. Furthermore, Congress intended to eliminate the tax entirely over the following three years. *Id*. at 593. As the *American Bankers* court noted, "Congress could have amended the language in 1965 to include broad terms able to adapt to technological changes." *American Bankers,* 408 F.3d at 1333. But it did not. Instead, Congress chose to narrow the definition. It cannot be inferred from the legislative history that Congress meant to expand the services that were taxable when it amended Section 4252(b) in the 1965 Act. As the Sixth Circuit recently held:

> The Congress that enacted this legislation thus did not contemplate the continued application of the language past January 1, 1969, let alone to 1999. No matter how clear its design to include the lion's share of long-distance service in existence between 1965 and 1969, that does not lead to the inference

11

> that the 1965 Congress meant to tax the lion's share of long distance service in existence between 1999 and 2002.

*OfficeMax,* 428 F.3d at 494.

Thus, there is nothing in the legislative history that lends any support to the Government's argument that the plain meaning of the statute should be avoided.

## V. <u>CONCLUSION</u>

For the reasons set forth in Plaintiff's opening brief and for those set forth herein, this Court should deny the Government's cross-motion for summary judgment and grant Plaintiff's Motion for Summary Judgment on Liability.

OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: February 28, 2006

/s/ Kathleen M. Jennings
Kathleen M. Jennings, Esq. (I.D. No. 913)
Karen V. Sullivan, Esq. (I.D. No. 3872)
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899-2054
(302) 576-2000

and

Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York  10178

Attorneys for Plaintiff
MBNA AMERICA BANK, N.A.