LEXSEE 2004 U.S. DIST. LEXIS 18686

FORTIS, INC., Plaintiff, - against - UNITED STATES OF AMERICA, Defendant.

03 Civ. 5137 (JGK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 18686; 2004-2 U.S. Tax Cas. (CCH) P70,231; 94 A.F.T.R.2d (RIA) 6005

September 16, 2004, Decided
September 16, 2004, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted by, Summary judgment denied by *Fortis, Inc. v. United States, 2005 U.S. Dist. LEXIS 2104 (S.D.N.Y., Feb. 8, 2005)*

**DISPOSITION:** [*1] Plaintiff's motion for summary judgment on liability was granted and defendant's cross-motion for summary judgment was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff telephone company sued defendant government to obtain a refund from the Internal Revenue Service (IRS) on excise taxes that the company remitted for certain long-distance telephone service involving *26 U.S.C.S. § 4252*. The company moved for summary judgment and the government opposed the motion and filed a cross-motion for summary judgment.

**OVERVIEW:** The primary issue was whether the definition of taxable "toll telephone service" in *26 U.S.C.S. § 4252*(b)(1) includes long-distance service where charges are based on the elapsed transmission time of a call but not the distance the call travels. Under the rate schedules applicable to the company's long distance service under the tariffs, with the exception of calls made to and from Mexico, the charge for each call was based on the call's duration, or elapsed time. The court held that toll telephone service in § 4252(b)(1) was unambiguously defined as involving charges that varied with both distance and elapsed transmission time. The statute and its legislative history equally reflected an intent to tax specifically the service described and to base the tax on a relatively specific description of the services provided by the industry. There was no language in § 4252(b) or its legislative history to support the government's claim that the overriding purpose of the statute was to tax all long-distance service in perpetuity. The recent emergence of service that fell outside of the current definitions did not justify abandoning the statute's plain and original meaning.

**OUTCOME:** The company's motion for summary judgment on liability was granted and the government's cross-motion for summary judgment as denied, except with respect to the limited issue of whether the company's inbound 800 service was taxable.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN1] The standard for granting summary judgment is well established. Summary judgment may not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof*
[HN2] The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. The substantive law governing the case will identify those facts which are material and only dis-

Case 1:05-cv-00257-JJF-MPT   Document 44-2   Filed 02/28/2006   Page 2 of 5

Page 2
2004 U.S. Dist. LEXIS 18686, *; 2004-2 U.S. Tax Cas. (CCH) P70,231;
94 A.F.T.R.2d (RIA) 6005

putes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof*
[HN3] In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P. 56(e)*. The nonmoving party must produce evidence in the record and may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN4] *26 U.S.C.S. § 4251*(a), (b)(1) imposes a three-percent excise tax on amounts paid for "communications services," which includes (A) local telephone service, (B) toll telephone service, and (C) teletypewriter exchange service.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN5] See *26 U.S.C.S. § 4252*(b).

*Governments > Legislation > Interpretation*
[HN6] A statute may be given an interpretation other than that which follows from its literal language where such interpretation is required in order to comport with the legislative intent.

*Governments > Legislation > Interpretation*
[HN7] Interpretation of a statute must begin with the statute's language. To ascertain the plain meaning of a provision, the court should look to the language of the provision in light of the statutory scheme as a whole. If the statutory terms are unambiguous, the inquiry generally ends there, and the statute is construed according to its plain meaning. Where the text is ambiguous, the court may also consider the legislative history and the canons of statutory construction to resolve the ambiguity.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN8] The meaning of *26 U.S.C.S. § 4252*(b)(1) is plain: the amount of the toll charge must depend on both the distance and the elapsed time of the call.

*Governments > Legislation > Interpretation*
[HN9] A statute generally should not be construed so as to render a word or clause inoperative.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN10] The phrase "distance and elapsed transmission time," when drafted, means precisely what it appears to mean: that a charge must vary by both distance and elapsed transmission time, and not by one or the other. The argument that "and" can mean "or" is also inconsistent with *Rev. Rul. 79-404, 1979 IRB LEXIS 291,* which recognized that the offshore-communication service was not toll telephone service under the literal terms of the statute because the charge for such service does not vary with distance and therefore does not meet the requirement of *26 U.S.C.S. § 4252*(b)(1).

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN11] Toll telephone service in *26 U.S.C.S. § 4252*(b)(1) is unambiguously defined as involving charges that vary with both distance and elapsed transmission time.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN12] The plain meaning of *26 U.S.C.S. § 4252*(b)(1) may still be set aside if it would lead to "absurd or futile results" or merely an unreasonable one plainly at variance with the policy of the legislation as whole. In such cases, a court may follow the statute's purpose rather than its literal text. A statute's plain meaning, however, should be disregarded only in rare and exceptional circumstances, and only upon the most extraordinary showing of contrary intentions.

*Governments > Legislation > Interpretation*
[HN13] Where Congress includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.

*Governments > Legislation > Interpretation*
[HN14] If a statute needs to be amended, that task should be left to Congress.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN15] *Rev. Rul. 79-404, 1979 IRB LEXIS 291,* is not entitled to deference because it is inconsistent with the unambiguous definition of toll telephone service in *26 U.S.C.S. § 4252*(b)(1).

Case 1:05-cv-00257-JJF-MPT    Document 44-2    Filed 02/28/2006    Page 3 of 5

Page 3

2004 U.S. Dist. LEXIS 18686, *; 2004-2 U.S. Tax Cas. (CCH) P70,231;
94 A.F.T.R.2d (RIA) 6005

*Governments > Legislation > Interpretation*
[HN16] Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change. Consistent with this principle, treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially re-enacted statutes, are deemed to have received congressional approval and have the effect of law.

*Governments > Legislation > Interpretation*
[HN17] The reenactment doctrine regarding statutory interpretation, however, tends to be applied when there is reason, either based on the nature of regulatory interpretations or the context of the reenactment, to presume that Congress was aware of the interpretation that it was supposedly adopting.

*Governments > Legislation > Interpretation*
[HN18] Courts in a number of cases have expressly declined to apply the reenactment doctrine regarding statutory interpretation where evidence of congressional awareness was lacking.

*Governments > Legislation > Interpretation*
[HN19] Subsequent reenactment for statutory interpretation purposes is significant only where the context indicates that Congress is aware of the regulatory interpretation.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN20] The plain meaning of 26 U.S.C.S. § 4252(b)(2)'s reference to a "periodic charge" is that the provision does not cover services that charge by the individual call.

*Tax Law > Federal Excise Tax > Communications (IRC secs. 4251-4254)*
[HN21] See 26 U.S.C.S. § 4252(a).

*Communications Law > Telephony > Long Distance Carriers*
*Communications Law > Telephony > Local Exchange Carriers*
[HN22] Words are to be construed, unless the context indicate otherwise, according to their ordinary and common meaning, and neither the term "local" nor "local telephone service" is consistent with nationwide service. Local service plainly involves the telephone users' presence in, and their ability to make calls within, a limited geographic area. Moreover, the assertion that local service can be construed as including nationwide long-distance service is entirely contrary to the regulatory system, which is premised on a distinct notion of local telephone service, local exchange systems, and local telephone companies and carriers.

**COUNSEL:** For Fortis, Inc., Plaintiff: Henry D. Levine, Stephen J. Rosen, LEAD ATTORNEYS, Levine, Blaszak, Block and Boothby, L.L.P., Bradley S. Waterman, LEAD ATTORNEY, Washington, DC.

For Fortis, Inc., Plaintiff: Richard C. Yeskoo, LEAD ATTORNEY, Yeskoo, Hogan & Tamlyn, L.L.P., New York, NY.

For United States of America, Defendant: Benjamin H. Torrance, LEAD ATTORNEY, U.S. Attorney's Office, SDNY, New York, NY.

**JUDGES:** John G. Koeltl, United States District Judge.

**OPINIONBY:** John G. Koeltl

**OPINION:**

**OPINION and ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Fortis, Inc. ("Fortis"), brought this action to obtain a refund from the Internal Revenue Service ("IRS") on excise taxes that Fortis had remitted for certain long-distance telephone service. The primary issue is whether the definition of taxable "toll telephone service" in 26 U.S.C. § 4252(b)(1) includes long-distance [*2] service where charges are based on the elapsed transmission time of a call but not the distance the call travels. Fortis has filed a motion for summary judgment seeking judgment in its favor on the liability of the Government on Fortis's claim to the refund. The Government opposes the motion and has filed a cross-motion for summary judgment dismissing the complaint on the grounds that the telephone service at issue falls within the definition in 26 U.S.C. § 4252(b)(1), or, in the alternative, falls within the other definitions of taxable telephone services in § 4252.

I.

[HN1] The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; see also *Celotex Corp. v. Catrett, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*; *Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)*. [*3] "The trial court's task at the summary

Case 1:05-cv-00257-JJF-MPT    Document 44-2    Filed 02/28/2006    Page 4 of 5

Page 4
2004 U.S. Dist. LEXIS 18686, *; 2004-2 U.S. Tax Cas. (CCH) P70,231;
94 A.F.T.R.2d (RIA) 6005

judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo, 22 F.3d at 1224.* [HN2] The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrates the absence of a genuine issue of material fact." *Celotex, 477 U.S. at 323.* The substantive law governing the case will identify those facts which are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).*

[HN3] In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)* (citing [*4] *United States v. Diebold, Inc., 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)*); see also *Gallo, 22 F.3d at 1223.* Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See *Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).* If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e).* The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993)*; see also *Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).*

II.

The undisputed facts with respect to the plaintiff's refund claim are as follows. n1 From October 1, 1998 through March 31, 2002, Fortis purchased from AT&T inbound and outbound international and domestic interstate long [*5] distance service and intrastate long distance service in the states of Georgia, Minnesota, Missouri, New York, and Wisconsin. (Pl.'s *Rule 56.1* Statement of Undisputed Facts ("Pl.'s *Rule 56.1* Stmt.") P 2.) The terms of Fortis's inbound and outbound international and domestic long distance service were governed by various "contract tariffs" and AT&T's interstate tariffs. (See id. PP 3-7 & Exs. 1a, 2-5.) Fortis's intrastate service was purchased pursuant to AT&T's Custom Network Services Tariffs filed with the applicable state regulatory authorities. (Id. P 8.)

n1 The Government, in its *Rule 56.1(b)* Statement, raised objections to certain of Fortis's asserted facts based on Fortis's alleged failure to cite admissible evidence in accordance with Local Civil *Rule 56.1(d)* and the need for further discovery pursuant to *Fed. R. Civ. 56(f).* The Government, however, never attempted to argue why any of the cited evidence was improper, nor did it submit an affidavit identifying additional discovery necessary to respond to the motion. In any event, the parties agree that the underlying facts are generally not in dispute and that the motions revolve around the purely legal issue of statutory interpretation.

[*6]

Under the rate schedules applicable to Fortis's long distance service under the tariffs, with the exception of calls made to and from Mexico, the charge for each call was based on the call's duration, or elapsed time. (See id. P 9; see, e.g., Contract Tariff No. 13497, § 7.A, attached at id. Ex. 4.) The rate schedules specified that the rates applied for all "Mileages & Bands," thus making the cost of a call independent of the distance the call travels. (Id.)

AT&T collected from Fortis federal excise taxes on the services provided to Fortis and was legally obligated to remit those taxes to the IRS and report the taxes paid each quarter on Form 720. (Id. PP 13-14.) On February 22, 2002, Fortis timely filed claims for a refund of $ 392,813.82 representing the aggregate amount of federal excise taxes Fortis paid on the services from October 1, 1998 through September 30, 2001. On October 25, 2002, Fortis timely filed claims for a refund of $ 46,571.02 representing the aggregate amount of federal excise taxes Fortis paid on the services from October 1, 2001 through March 31, 2002. (Id. PP 15, 17.) The IRS has received these claims and has not acted on them. ( [*7] Id. PP 16, 18.)

The plaintiff has now filed a motion for partial summary judgment on the Government's liability to refund the plaintiff's taxes, although if the motion is granted, the amount of the refund would still need to be resolved. The Government has filed a cross-motion for summary judgment arguing that the judgment should be granted dismissing the complaint because the Government properly imposed and collected the telephone excise taxes at issue.

III.

The parties generally agree that there are no disputed issues of fact and that the motions primarily involve the same legal question of whether Fortis's service can be

Case 1:05-cv-00257-JJF-MPT    Document 44-2    Filed 02/28/2006    Page 5 of 5

Page 5
2004 U.S. Dist. LEXIS 18686, *; 2004-2 U.S. Tax Cas. (CCH) P70,231;
94 A.F.T.R.2d (RIA) 6005

taxed under *26 U.S.C. §§ 4251* and *4252*. [HN4] *Section 4251 of the Internal Revenue Code* imposes a three-percent excise tax on amounts paid for "communications services," which includes (A) local telephone service, (B) toll telephone service, and (C) teletypewriter exchange service. *26 U.S.C. § 4251(a), (b)(1)*. [HN5] *Section 4252(b)* defines "toll telephone service" as

(1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed [*8] transmission time of each individual communication and (B) the charge is paid within the United States, and

(2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

*26 U.S.C. § 4252(b)*.

With predecessors dating to the nineteenth century, a federal excise tax on various telecommunications services has been in effect continuously from 1932 to the present. n2 *Sections 4251* and *4252* were initially enacted in 1954 and amended in 1958, and Congress adopted the current definitions found in *§ 4252 in the Excise Tax Reduction Act of 1965*, Pub. L. No. 89-44, § 302, 79 Stat. 136, 145-46 (the "1965 Act" or the "1965 amendments"). n3 At that time, AT&T was the dominant long-distance carrier in the United States, and the definition of "toll telephone service" [*9] covered AT&T's two types of long-distance service: (1) "Message Telephone Service" ("MTS") charged callers for each call based on the time of day, duration of the call, and the distance traveled; and (2) "Wide Area Telephone Service" ("WATS") generally allowed subscribers, for a flat charge, to make unlimited calls within a defined area, sometimes limited as to the total elapsed time. (See Def.'s *Rule 56.1* Stmt. PP 1-2 & Ex. A (Decl. of Alan Pearce ("Pearce Decl."), dated Nov. 17, 2003, at 3-5).) MTS rates were based on a system of "mileage bands," where, for example, a different rate would be charged for calls traveling 1-10 miles, 11-22 miles, 23-55 miles, 56-124 miles, and so forth.

(See Def.'s *Rule 56.1* Stmt P 3; Pearce Decl. at 4.) In 1965 and the decades to follow, "MTS, plain old long distance service, was the largest, in terms of traffic volume and revenue levels, and the most publicly visible of the traditional telephone industry service offerings." (See Pearce Decl. at 5.)

n2 See Decl. of Paul Vasington ("Vasington Decl."), dated Nov. 17, 2003, at 5-7, attached as Ex. B. to Decl. of Benjamin H. Torrance, dated Dec. 6, 2003 ("Torrance Decl.")).

[*10]

n3 See *Internal Revenue Code of 1954*, Pub L. No. 83-591, ch. 33B, 68A Stat. 503-04; Excise Tax Technical Corrections Act of 1958, Pub. L. No. 85-859, § 133, 72 Stat. 1275, 1289-90.

Between 1997 and 2000, however, AT&T and other long-distance carriers began to abandon the mileage-band system, due in part to competition with wireless carriers. (See Pearce Decl. at 10.) Now the dominant form of long-distance service involves a single interstate long-distance rate for the continental United States, although mileage bands remain in use in some states for intrastate long-distance service. (See id.; Def.'s *Rule 56.1* Stmt. PP 4-5.) This shift in service has raised the current issue: Do services that are not distance-sensitive fall within *26 U.S.C. § 4252(b)(1)*, which defines "toll telephone service" as involving "a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication?" That is, to be taxable under *§ 4252(b)(1)*, do long-distance charges need to be based on both distance traveled and time elapsed, or merely [*11] one or other?

Two district courts have recently addressed this same issue and have reached opposite conclusions. Compare *Am. Bankers Ins. Group, Inc. v. United States, 308 F. Supp. 2d 1360 (S.D. Fla. 2004)* (finding, based on purpose of *§§ 4251* and *4252*, that long distance service was taxable even though charges were based on time and not distance), with *OfficeMax v. United States, 309 F. Supp. 2d 984 (N.D. Ohio 2004)* (finding that, under plain meaning of *§ 4252(b)(1)*, charges had to vary with both distance and elapsed time to be taxable). n4 The arguments raised in those cases are substantially the same as in the current motions.