IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MBNA AMERICA BANK, N.A.,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )      Civil Action No. 05-257-KAJ
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )

## MEMORANDUM ORDER

This case is before me on cross-motions for summary judgment on liability.

(Docket Item ["D.I."] 37; D.I. 41.)  The complaint filed by plaintiff, MBNA America Bank

N.A. ("MBNA") alleges that it is entitled a refund of $3,741,832.42 for federal

communications excise taxes collected by its long-distance telephone service provider,

American Telephone and Telegraph Corporation ("AT&T").  AT&T delivered the sum to

the federal government in the belief that communications services it was providing to

MBNA were taxable to MBNA under sections 4251 and 4252(b) of the Internal Revenue

Code (the "Code"), 26 U.S.C. §§ 4251, 4252.  (D.I. 1 at ¶¶ 8-11.)  The only dispute

between the parties regarding liability is the purely legal question of whether the

services purchased by MBNA fit within the statutory definitions of taxable

communications services, as set forth in the cited sections of the Code.  (See D.I. 39 at

4-5 (statement of undisputed facts in United States' brief in support of its motion for

summary judgment).)

This is not the first time that the United States has faced the issues at stake in

these motions.  On the contrary, prior to May 9, 2006, the government had

unsuccessfully claimed the right to keep similarly collected revenues in cases before the Second, Sixth, Eleventh, and District of Columbia Circuits. *See Fortis, Inc. v. United States*, __ F.3d __, 2006 WL 1140124 (2d Cir. April 27, 2006) (per curiam); *National Railroad Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005)*; OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005), *reh'g en banc denied* (6th Cir. Mar. 30, 2006); *American Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005). The government had also been unsuccessful in pursuing the same line of argument before several district courts. *See Reese Brothers v. United States*, __ F.3d __, 2006 WL 1228908, at \*11 n.2 (3d Cir. May 9, 2006) (collecting cases). Indeed, only one court to date has agreed with the government's position, and the decision of that court was later reversed. *American Bankers Ins. Group, Inc. v. United States*, 308 F. Supp. 2d 1360 (S.D. Fla. 2004), *rev'd*, 408 F.3d 1328 (11th Cir. 2005). Despite the mounting precedent against it, the government continues to claim that "the statutory language plainly taxes plaintiff's communications services." (D.I. 39 at 14.)

On May 9, 2006, however, the United States Court of Appeals for the Third Circuit joined the ranks of federal courts rejecting the government's position. In *Reese Brothers v. United States*, *supra*, the Third Circuit stated the question succinctly: "whether the federal communications excise tax ... applies to long-distance telephone services that are priced based on a fixed per-minute, non-distance-sensitive rate." *Id.* at \*1. It concluded, "it does not." *Id.* While that case was pending, the government acknowledged in this case that, "[t]he parties fundamentally agree that the outcome of *Reese Brothers* will be more or less dispositive ... ." (Transcript of Nov. 15, 2005 oral

argument on government's motion to dismiss, at 3.) Counsel for the government emphasized, "there will certainly be binding authority on this Court ... should the *Reese Brothers* case be decided in favor of the taxpayer." (*Id.* at 5.) That prediction has been fulfilled.

Because the positions of the parties in the case at bar are, in all relevant respects, the same as the positions stated in *Reese Brothers*, and because the analysis of the Third Circuit in that case is controlling, there is no need to detail here the parties' positions or to reiterate the reasons for rejecting the government's arguments.

Accordingly, for the reasons stated by the Third Circuit in its opinion in *Reese Brothers*, it is hereby ORDERED that MBNA's Motion for Summary Judgment on Liability (D.I. 41) is GRANTED and the United States' Motion for Summary Judgment (D.I. 37) is DENIED. The parties shall forthwith advise the court of any remaining issues to be addressed and arrange for a scheduling conference to address proposals for bringing the case to conclusion.

UNITED STATES DISTRICT JUDGE

May 23, 2006
Wilmington, Delaware

3