IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MBNA America Bank, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-257 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

**INTERIM STATUS REPORT**

Pursuant to the parties' representations in their June 8, 2006 letter to the Court, the United States submits this interim status report regarding settlement discussions and remaining issues to be resolved with regard to the plaintiff's claims in the above captioned case. In particular, the United States submits as follows:

1.   On May 23, 2006, the Court granted partial summary judgment on liability in favor of the plaintiff. (Docket No. 49.) Left to be determined was the appropriate amount of damages attributable to plaintiff's overpayment of communications excise tax.

2.   On June 8, 2006, at the Court's request, the parties advised the Court that the appropriate amount of damages was likely not to be disputed, because such a calculation would involve the ministerial review of invoices to determine what overpayments plaintiff was able to substantiate. However, the parties advised the Court that such a calculation would be time-intensive, involving the review of three and one-half years of invoices from various telecommunications providers describing millions of calls. As a result, the parties requested until July 31, 2006 to submit a

1839254.1

proposed stipulated judgment or an interim status report outlining any remaining issues.

     3.    Since that time, a revenue agent for the Internal Revenue Service and counsel for the United States have reviewed the various contracts, invoices and records contained in the materials provided during discovery, and requested additional information from the plaintiff which we received on July 11, 2006. As a result of this review, the parties have exchanged calculations, and a generic proposal has been made to settle the case. The specific terms of the settlement offer are still being negotiated.

     4.    Compromise of federal tax claims, in a case such as this, is governed by federal regulation. In particular, the procedures for settlement are described in 28 C.F.R. § 0.160 *et seq.*, pertinent sections of which are attached. In particular, by regulation, recommendations of settlement must be obtained from certain Department of Justice officials, and the proposed settlement must be referred to the Deputy Attorney General or the Associate Attorney General, as appropriate. Such recommendations and approvals will necessarily require additional review of the pertinent evidence.

     5.    The parties continue to express confidence that this matter may be resolved, however, without the necessity of further intervention by the Court. Accordingly, the United States requests an additional 30 days within which the recommendations and approvals of those within the Department of Justice with authority to compromise the tax claims may be obtained, and the Court to schedule an additional status report to be due at the conclusion of that period. Such an extension

1839254.1

should be granted by the Court in light of the regulatory obligations, described in the attached, of the Government in settling cases involving as much of the public treasury as is at stake in this case.

Dated:    July 31, 2006

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                  United States Attorney

By:    /s/
           IVAN C. DALE
           Trial Attorney, Tax Division
           United States Department of Justice
           P.O. Box 227
           Ben Franklin Station
           Washington, DC 20044
           (202) 307-6615